| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| SIMON GREENSTONE PANATIER, PC<br>Leah C. Kagan, Esq.<br>5 Penn Plaza, Suite 2308<br>New York, New York \| 10001<br>Email: LKagan@sgptrial.com<br>212-634-1690<br>(214) 276-7699<br>Attorneys for Plaintiffs<br><br>SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.<br>Arnold C. Lakind, Esq.<br>101 Grovers Mill Road, Suite 200<br>Lawrenceville, N.J. 08648<br>Email: ALakind@szaferman.com<br>Telephone: (609) 275-0400<br>Fax: (609) 275-4511 | Case No. 19-01403-KCF<br><br>Lead Case No: 19-10289-LSS |
| In Re:<br>**Imerys Talc America, Inc.** | Chapter 11<br><br>Hearing Date: June 18, 2019 |
| APRIL DEJESUS and EDWIN DEJESUS,<br><br>                Plaintiffs,<br>v.<br><br>**BRENNTAG NORTH AMERICA, INC.** (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.);<br><br>**BRENNTAG SPECIALTIES, INC.** f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.);<br><br>**COTY, INC.** and its subsidiary NOXELL CORPORATION, for its CoverGirl brand of products;<br><br>**CYPRUS AMAX MINERALS COMPANY** (sued | Judge:<br>Hon. Kathryn C. Ferguson, Chief Judge<br><br>**CERTIFICATION OF LEAH KAGAN IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**<br><br>**Oral Argument Requested** |

1

individually, doing business as, and as successor to AMERICAN TALC COMPANY, METROPOLITAN TALC CO. INC. and CHARLES MATHIEU INC. and SIERRA TALC COMPANY and UNITED TALC COMPANY);

**IMERYS TALC AMERICA, INC.** (sued individually and as successor-in-interest to LUZENAC AMERICA, INC. successor-in-interest to CYPRUS INDUSTRIAL MINERALS COMPANY and WINDSOR MINERALS, INC. and METROPOLITAN TALC CO. INC.);

**JOHNSON & JOHNSON**;

**JOHNSON & JOHNSON CONSUMER INC.**, a subsidiary of JOHNSON & JOHNSON;

**NEW RUE21 LLC**;

**NOXELL CORPORATION** f/k/a NOXZEMA CHEMICAL COMPANY, for its CoverGirl brand of products, a subsidiary of COTY INC.;

**THE PROCTER & GAMBLE COMPANY** (sued individually and as successor-in-interest to NOXZEMA CHEMICAL COMPANY and its CoverGirl brand of products);

**RUE21, INC.**;

**WHITTAKER CLARK & DANIELS, INC.**;

**JOHN DOE CORPORATIONS 1-50** (fictitious);

**ENCHANTE ACCESSORIES INC.**,
       Defendants.

I, Leah Kagan, being of full age, state as follows:

1. I am an attorney at law licensed to practice in New Jersey and the District Court of New Jersey, and a shareholder of Simon Greenstone Panatier, P.C., counsel for Plaintiffs April and Edwin DeJesus in this action. My client, Kayla Martinez, is also a member of the

2

Creditors Committee for the Imerys Talc America Bankruptcy. Unless otherwise stated, I have personal knowledge of the facts contained in this certification and am competent to testify about them.

2. Plaintiff April DeJesus has been diagnosed with malignant mesothelioma, a deadly, incurable cancer caused by exposure to asbestos. Despite invasive surgeries and other treatments, Mrs. DeJesus' prognosis is poor. Mrs. DeJesus' treatment is palliative and her prognosis is grim. Due to her diagnosis, any delay in the trial schedule poses a substantial risk that she will not be available to participate in her trial, which is currently set for April 20, 2020.

3. Plaintiffs' Complaint in the underlying action was filed on October 16, 2018 in the New Jersey Superior Court for Middlesex County, Asbestos Multi-County Litigation, alleging state law claims against Defendant Johnson & Johnson under the New Jersey Product Liability Act, N.J.S.A. 2A:58C ("NJPLA"). Plaintiffs' Complaint also alleges causes of action against other manufacturers of talcum powder products and suppliers of talc. These causes of action remain in state court.

4. The New Jersey Supreme Court has designated New Jersey state court asbestos litigation as a mass tort and has assigned that litigation for centralized management to a single judge in Middlesex County. A true and correct copy of the Notice to Bar, dated April 11, 2008, is attached hereto as **Exhibit 1**.

5. The Honorable Ana Viscomi, J.S.C. has been presiding over all New Jersey asbestos-related cases, including the Plaintiffs' case, since March 1, 2014, and has considered and ruled on virtually every issue relevant to this litigation, ranging from discovery disputes, to summary judgment motions, to expert qualifications and opinion admissibility, to presiding over

3

three Johnson & Johnson mesothelioma talc trials to verdict. A true and correct copy of the Order of Supreme Court of New Jersey, dated February 10, 2014, is attached hereto as **Exhibit 2**.

6. Plaintiffs' Complaint alleges that Johnson & Johnson sold talcum powder products containing asbestos and that Mrs. Verdolotti's regular use of and exposure to Johnson's Baby Powder exposed her to asbestos and caused her to develop mesothelioma.

7. Johnson & Johnson has not alleged any counter-claims or cross-claims, leaving Plaintiff's personal injury claims under the NJPLA as the sole remaining claims for trial.

8. On February 13, 2019, Imerys Talc America and two other Imerys entities ("Imerys" or "Debtors") filed a petition for bankruptcy in the Bankruptcy Court for the District of Delaware under Chapter 11 of the United States Bankruptcy Code. On March 8, 2019, I attended the first day of proceedings in the Imerys Bankruptcy in the Delaware Bankruptcy Court before United States Bankruptcy Judge Laurie Selber Silverstein. At the March 8, 2019 hearing, as well as multiple subsequent communications, counsel for Debtors, Latham & Watkins, repeatedly represented to members of the Creditors Committee and their counsel, including myself, that the Debtors had approached Johnson & Johnson months before filing their bankruptcy petition, and further that they had alerted Johnson & Johnson of the impending bankruptcy filing.

9. On May 2, 2019, Johnson & Johnson filed a Notice of Removal in the United States Bankruptcy Court, District of New Jersey. A true and correct copy of Johnson & Johnson's Notice of Removal, dated May 2, 2019, is attached hereto as **Exhibit 3**. On April 30, 2019, J&J Filed an Emergency Motion to Transfer and a Motion for Ex Parte Relief seeking the transfer of approximately 2,400 cases to the District of Delaware. A true and correct copy of

these motions are attached hereto as **Exhibit 4.** On May 9, 2019, Judge Noreika denied both motions. A true and correct copy of this order is attached hereto as **Exhibit 5.**

10. If this matter is not immediately remanded to allow Plaintiffs' Final Pre-Trial Conference and trial to proceed, there is substantial likelihood that Mrs. Ripley's health condition will deteriorate to the point where she will be unable to participate in her trial, which is currently set for August 26, 2019.

11. Attached as **Exhibit 6** hereto is a true and correct copy of the April 26, 2019 Order of Honorable Kathryn Ferguson, setting a hearing on remand of four mesothelioma cases for May 14, 2019.

12. A verdict against J&J in another mesothelioma case, *Lanzo v. Cyprus Amax Minerals Company, et al.*—involving the same issues presented in the instant case (including the admissibility of the testimony of many of the same experts)—is on appeal to the New Jersey Superior Court Appellate Division.

13. Attached as **Exhibit 7** hereto is a true and correct copy of the May 3, 2019 Notice of Hearing setting a hearing on a remand motion in the United States Bankruptcy Court for the District of Minnesota for June 5, 2019.

14. Attached as **Exhibit 8** hereto is a true and correct copy of the **97** remand orders entered *sua sponte* by the Central District of California.

15. Attached as **Exhibit 9** hereto is a true and correct copy of the remand orders and opinions entered in the *Cabibi, Diess,* and *Weirick* matters out of the Central District of California.

16. Attached as **Exhibit 10** hereto is a true and correct copy of the remand order and opinion entered by the Honorable Margaret Seymour, Senior United States District Judge for the District of South Carolina, Columbia Division.

17. Attached as **Exhibit 11** hereto is a true and correct copy of Plaintiffs' Motion to Sever Imerys Talc America Inc. filed in this matter on March 29, 2019.

18. Attached as **Exhibit 12** hereto is a true and correct copy of Defendant's Answers to First Supplemental Interrogatories and Requests for Production of Documents Propounded to J&J in *Kelley-Stramer v. Brenntag North America, Inc., et al.*

19. Attached as **Exhibit 13** hereto is a true and correct copy of J&J's Responses to Plaintiffs' Requests for Disclosure in *Lopez v. Johnson & Johnson, et al.*

20. Attached as **Exhibit 14** hereto is a true and correct copy of J&J's Responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents in *Kerkoff v. Johnson & Johnson, et al.*

21. Attached as **Exhibit 15** hereto is a true and correct copy of J&J's Responses to Plaintiffs' LAOSD Standard Interrogatories to Defendants in *Cabibi v. Johnson & Johnson, et al.*

22. Attached as **Exhibit 16** hereto is a true and correct copy of J&J's Answers to Request for Admissions, Supplemental Interrogatories Related to Cross Claims, Apportionment and Claimed Exposures, Expert Interrogatories and Demand for Production of Documents, and Request for the Production Documents submitted in *McNeill-George v. Brenntag North America, Inc., et al.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2019.

SIMON GREENSTONE PANATIER, P.C.

Leah Kagan
*lkagan@sgptrial.com*
SIMON GREENSTONE PANATIER, P.C.
5 Penn Plaza, Suite 2308
New York, New York | 10001
212-634-1690
Attorneys for Plaintiffs