# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** <br><br> **IMERYS TALC AMERICA, INC.,** *et al.*[1] <br><br><br> **Debtors.** | Chapter 11 <br><br> Civ. Action No. 1:19-mc-00103-MN <br><br> Bankr. Case No. 19–10289 (LSS) <br><br> Jointly Administered |

### JOHNSON & JOHNSON'S AND JOHNSON & JOHNSON CONSUMER INC.'S EMERGENCY MOTION FOR PROVISIONAL TRANSFER UNDER 28 U.S.C. § 157(b)(5)

Pursuant to 28 U.S.C. § 157(b)(5), Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "J&J") hereby move this Court for entry of an order provisionally transferring to this District the personal injury and wrongful death claims against J&J in the cases identified on **Exhibit A** (the "Talc Claims")[2] to the proposed form of order, which is attached hereto as **Exhibit 1**.

The Talc Claims include talc-related claims brought against J&J in (1) state trial courts (the "State Court Talc Claims") and (2) federal trial courts (the "Federal Talc Claims"), all alleging that exposure to talc supplied by Imerys Talc America, Inc., Imerys Talc Vermont, Inc., and Imerys Talc Canada Inc. (collectively, the "Debtors") caused the plaintiffs' injuries.

In support of this motion, J&J offers the: (1) Memorandum of Law in Support of Johnson & Johnson and Johnson & Johnson Consumer Inc.'s Emergency Motion for a Provisional

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] J&J respectfully requests that the Court take judicial notice that Exhibit A identifies the actions alleging personal injury and wrongful death Talc Claims against J&J, including those claims being removed from state to federal court pursuant to 28 U.S.C. § 1452.

Transfer Under 28 U.S.C. § 157(b)(5) (the "Memorandum of Law"); and (2) the Declaration of Marihug Cedeño.

Pursuant to Local Rule 9013-1 of the United States Bankruptcy Court for the District of Delaware, J&J states that it does not consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

Pursuant to Local Rule 7.1.1 of Civil Practice and Procedure of the United States District Court for the District of Delaware, the undersigned counsel for J&J avers that, under the circumstances, including the need for emergent relief, a reasonable effort could not be made to reach agreement with the parties in interest on the matters set forth in this motion prior to the filing hereof.  Upon filing the instant motion, J&J will provide notice to the Official Committee of Tort Claimants.

As set forth in greater detail in the accompanying Memorandum of Law, each plaintiff alleges that exposure to the Debtors' talc—through products like Johnson's Baby Powder—caused personal injury and/or wrongful death. Transfer of the Talc Claims to this Court pursuant to 28 U.S.C. § 157(b)(5) will: (1) centralize the adjudication of claims impacting the Debtors' estates; (2) ensure orderly and efficient resolution of these claims; (3) further the efficient administration of the Debtors' estates; and (4) ensure that similarly situated creditors are treated equitably.  In addition, emergent relief is necessary on account of the numerous remand and abstention motions plaintiffs have filed throughout the country since J&J filed the Motion to Fix Venue for Claims Related to Imerys's Bankruptcy Under 28 U.S.C. §§ 157(b)(5) and 1334(b).

**WHEREFORE**, J&J respectfully requests that the Court grant the instant emergency motion of Johnson & Johnson and Johnson & Johnson Consumer Inc., provisionally transferring all of the Talc Claims to this Court for all purposes.

| | |
|---|---|
| Dated: April 30, 2019<br>Wilmington, Delaware | Respectfully submitted,<br><br>**DRINKER BIDDLE & REATH LLP**<br>*/s/ Steven K. Kortanek*<br>Steven K. Kortanek (Del. Bar No. 3106)<br>Patrick A. Jackson (Del Bar No. 4976)<br>Joseph N. Argentina, Jr. (Del. Bar No. 5453)<br>222 Delaware Ave., Suite 1410<br>Wilmington, DE 19801-1621<br>Telephone: (302) 467-4200<br>Facsimile: (302) 467-4201<br>Steven.Kortanek@dbr.com<br>Patrick.Jackson@dbr.com<br>Joseph.Argentina@dbr.com<br><br>-and-<br><br>WEIL, GOTSHAL & MANGES LLP<br>Diane P. Sullivan<br>Marcia L. Goldstein<br>Ronit J. Berkovich<br>Rachel A. Farnsworth<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for Johnson & Johnson and Johnson & Johnson Consumer Inc* |

118630865.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** | Chapter 11 |
| **IMERYS TALC AMERICA, INC.,** *et al.*[1] | Civ. Action No. 1:19-mc-00103-MN |
| | Bankr. Case No. 19–10289 (LSS) |
| **Debtors.** | Jointly Administered |

### JOHNSON & JOHNSON'S AND JOHNSON & JOHNSON CONSUMER INC.'S MOTION FOR *EX PARTE* CONSIDERATION AND IMMEDIATE ENTRY OF ORDER GRANTING JOHNSON & JOHNSON'S AND JOHNSON & JOHNSON CONSUMER INC.'S EMERGENCY MOTION FOR PROVISIONAL TRANSFERS UNDER 28 U.S.C. § 157(B)(5)

Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "J&J") hereby move ("Motion for *Ex Parte* Entry of Provisional Order") this United States District Court for the District of Delaware (the "Court") for *ex parte* consideration and immediate entry of a provisional order substantially in the form of proposed order filed contemporaneously herewith (the "Proposed Provisional Order") granting J&J's Emergency Motion for Provisional Transfers Under 28 U.S.C. § 157(b)(5) ("Motion for Provisional Transfer Order") regarding their pending Motion to Fix Venue for Claims Related to Imerys's Bankruptcy Under 28 U.S.C. §§ 157(b)(5) and 1334(b), D.I. 1-4 (the "Venue Motion"). In support of this Motion for *Ex Parte* Entry of Provisional Order, J&J relies upon the Memorandum of Law and Declaration of Marihug Cendeño filed concurrently herewith. In further support of this Motion, J&J respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

118626257.4

1. J&J is a named defendant in approximately 2,400 civil actions pending in courts around the country alleging personal injury and wrongful death claims arising from talc sold by the above-captioned Debtors to J&J (the "Talc Claims"), many of which are proceeding in state courts (the "State Court Talc Claims"). On April 18, 2019, J&J filed the Venue Motion, and a brief (the "Opening Brief") and declarations in support thereof, D.I. 2-4, seeking to centralize the Talc Claims in a single forum in connection with the Debtors' pending chapter 11 proceedings. As explained more fully in the Venue Motion and the Opening Brief, because the Talc Claims are related to a bankruptcy case that is pending in this district, the Talc Claims fall within the purview of 28 U.S.C. § 157(b)(5). Under that section, this Court is the only court with the authority to decide the Venue Motion.

2. When it filed the Venue Motion, J&J also began filing notices of removal with respect to the State Court Talc Claims, each of which informed the respective courts and parties of the Venue Motion and requested that consideration of any motions for remand and abstention be deferred until this Court's final ruling on the Venue Motion. *See* D.I. 2 at 6. Nevertheless, just 12 days later, plaintiffs moved nationwide to remand individual cases that J&J had removed in connection with its Venue Motion. As of the date hereof, plaintiffs have filed 26 motions to remand or abstain in 12 different jurisdictions, thirteen of which are proceeding on an expedited or emergency basis.

3. As a result of the foregoing, issues relating to the State Court Talc Claims are currently pending before this Court and at least 12 other courts around the country.

4. On April 29, 2019, the Court entered the Consent Order Extending Deadline to File Response ("Consent Order") [D.I. 11], which extended the deadline for any responses to

the Venue Motion to May 13, 2019 and the deadline for J&J to file any reply brief to May 23, 2019.

5. Notwithstanding the briefing schedule set forth in the Consent Order, for the reasons set forth in more detail in the Memorandum of Law filed concurrently herewith, this Court should consider the Motion for Provisional Transfer Order on an *ex parte* basis and immediately enter the Proposed Provisional Order, transferring the State Court Talc Claims to this Court pending a final hearing on the issues raised by the Venue Motion.  The provisional order will protect this Court's jurisdiction over the State Court Talc Claims and will prevent conflicting decisions regarding transfer or remand issues arising in other courts.  If a provisional order is not granted, other federal district courts may waste time and resources determining remand and abstention issues, which will ultimately be mooted by this Court's ultimate ruling on the Venue Motion.

6. Provisional orders have been entered by other district courts that have been confronted with the need to make a determination under 28 U.S.C. § 157(b)(5).  *See*, *e.g.*, *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 374 (3d Cir. 2002) (noting that the district court had granted a provisional transfer order in order to consider the appropriateness of actual transfer, as well as to examine its subject-matter jurisdiction and the appropriateness of abstention and remand); *see also A.H. Robins Co.*, 788 F.2d 994, 1015-16 (4th Cir. 1986) (approving district court's transfer order, interpreting that order as "conditional" pending objections of the parties and requests for abstention).  Indeed, such orders have been entered on an *ex parte* basis.  *In re Dow Corning Corp.*, 1995 WL 495978 (Bankr. E.D. Mich. Aug. 9, 1995) (recognizing that the district court had granted the movant's request for a provisional transfer pursuant to section 157(b)(7) on an immediate and *ex parte* basis).

118626257.4

WHEREFORE, for the reasons set forth herein and in the Memorandum of Law filed concurrently herewith, J&J respectfully requests that the Court (i) immediately enter a provisional order in the form attached as Exhibit A hereto, and (ii) grant J&J such other and further relief as is just and proper.

Dated: April 30, 2019
Wilmington, Delaware

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**
*/s/ Joseph N. Argentina, Jr.*
Steven K. Kortanek (Del. Bar No. 3106)
Patrick A. Jackson (Del Bar No. 4976)
Joseph N. Argentina, Jr. (Del. Bar No. 5453)
222 Delaware Ave., Suite 1410
Wilmington, DE 19801-1621
Telephone: (302) 467-4200
Facsimile: (302) 467-4201
Steven.Kortanek@dbr.com
Patrick.Jackson@dbr.com
Joseph.Argentina@dbr.com

-and-

WEIL, GOTSHAL & MANGES LLP
Diane P. Sullivan
Marcia L. Goldstein
Ronit J. Berkovich
Rachel A. Farnsworth
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Johnson & Johnson and Johnson & Johnson Consumer Inc.*

118626257.4