# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Beth-Anee F. Johnson and<br>John W. Greenley, Jr.,<br><br>          Plaintiffs,<br>v.<br><br>Johnson & Johnson, et al.,<br><br>          Defendants. | )<br>)<br>) C/A No. 3:19-cv-01152-MBS<br>)<br>)<br>)<br>)<br>) **OPINION AND ORDER**<br>)<br>) |

### I.    INTRODUCTION AND FACTUAL BACKGROUND

On March 30, 2018, Beth-Anee F. Johnson and John W. Greenley, Jr. ("Plaintiffs") filed this personal injury action in the Court of Common Pleas for Richland County, South Carolina against Johnson & Johnson; Johnson & Johnson Consumer Companies Inc. ("Defendants"); Imerys Talc America, Inc. ("Imerys"); Piggly Wiggly Carolina Company, Inc.; Rite Aid of South Carolina, Inc.; and CVS Pharmacy, Inc. ECF No. 1. Plaintiffs assert that Beth-Anee F. Johnson was exposed to asbestos while using Johnson & Johnson baby powder beginning in the 1960s. Plaintiffs allege the exposure resulted in her contracting peritoneal mesothelioma, which was diagnosed in December of 2016. The claims against Imerys were severed in state court and the case is proceeding against Defendants solely.

On February 13, 2019, Imerys and two of its affiliates filed a bankruptcy petition in the United States Bankruptcy Court for the District of Delaware. ECF No. 1 at 1. On April 18, 2019, Defendants filed a notice of removal pursuant to Rule 9027 of the Federal Rules of Bankruptcy

1

Procedure and 28 U.S.C. §§ 1334 and 1452.[1] Id.   Also on April 18, 2019, Defendants filed a motion to fix venue in the District of Delaware. ECF No. 6. Defendants seek a finding that the several thousand pending state court cases are "related to" Imerys's bankruptcy filing and should be transferred to the District of Delaware pursuant to 28 U.S.C.A § 1334(b), which provides that district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

This matter is now before the court on an emergency motion to remand filed by Plaintiffs on April 23, 2019. ECF No. 4. Plaintiffs argue that (1) trial is imminent, Plaintiff is very ill, and equity favors removal to state court for a prompt resolution; (2) the removal is untimely; and (3) Plaintiffs' claims are not "related to" Imerys's bankruptcy. Id. at 9.  Defendants filed a response in opposition on April 25, 2018, to which Plaintiffs filed a reply also on April 25, 2019. ECF Nos. 20, 21. On May 1, 2019, Defendants provided the court with an order from the Honorable Coleen McMahon, Chief Judge for the Southern District of New York, which stayed all similar state court talc actions that had been removed to the Southern District of New York.  On May 3, 2019, Plaintiffs provided the court with orders from the Central District of California that remanded similar talc cases back to California state court.

## II.     ANALYSIS AND DISCUSSION

The court must first address whether this removal action is timely. Bankruptcy Rule 9027 applies in § 1452 removals, which provides that a cause of action must be removed within 90 days of filing a bankruptcy petition. <u>GSL of Ill, LLC v. Pitt Penn Oil Co., LLC</u>, No. 09cv0571,

---

[1] A " party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C.A. § 1452.

2009 U.S. Dist. LEXIS 51428, at *4 (W.D. Pa. June 17, 2009). The bankruptcy action in this case was filed on February 13, 2019. This action was removed on April 18, 2019. Thus, 90 days had not passed at the time of removal. Removal was timely.

Federal courts are courts of limited jurisdiction. U.S. Const. art. III, § 1. "[C]ourts [are to] construe removal statutes narrowly, and. . . any doubts should be resolved in favor of state court jurisdiction." Barbour v. Int'l Union, 640 F.3d 599, 617 (4th Cir. 2011). In this case, the questions presented are whether the within action is related to Imerys's bankruptcy proceeding as contemplated by 28 U.S.C. § 1334(b), and whether equity favors remand to state court.

In support of the proposition that "related to" jurisdiction exists, Defendants argue that there are indemnification agreements between Defendants and Imerys, that there are shared insurance agreements, and that there are shared unities of interest. While there are indemnification agreements present in this case, an "indemnification agreement between a defendant and a *non-party* bankrupt debtor does not automatically supply the nexus necessary for the exercise of 'related to' jurisdiction." Steel Workers Pension Tr. v. Citigroup, Inc., 295 B.R. 747, 750 (E.D. Pa. 2003)(emphasis added). "Even with an indemnification agreement, a court lacks 'related to' jurisdiction if the non-debtor's recovery is predicated upon the results of a subsequent action for indemnification." In re W.R. Grace & Co., 412 B.R. 657, 667 (D. Del. 2009). When there is no automatic liability for indemnification, and a subsequent lawsuit does not require prior determination of indemnification, there is no "related to" jurisdiction. Id. Only cases where indemnification arises "independent of any additional legal actions" confer "related to" jurisdiction. Id. More generally, claims that serve as "mere precursor[s]" to potential indemnification claims do not confer "related to" jurisdiction. Pacor, Inc. v. Higgins, 743 F.2d

984, 995 (3d Cir. 1984). Discussing the potential for indemnification or litigation regarding indemnification at this stage is mere speculation.

Imerys is not a party to this claim; as such, Plaintiffs do not seek relief from Imerys or its bankruptcy estate. Based on the information available to the court at this time, it does not appear that there is related to jurisdiction. Additionally, the court notes that this and related cases are close to trial in state court, with the instant action set for trial on May 13, 2019. Recommencing these cases in federal court would result in injustice to Plaintiffs. Because equity favors prompt resolution in state court, this matter is remanded to the Richland County, South Carolina Court of Common Pleas. This decision does not affect the ability of District of Delaware to ultimately take jurisdiction should it or a Multi District Litigation Panel decide to do so. 28 U.S.C. §1407.

### III.  CONCLUSION

For the foregoing reasons, this matter is hereby **REMANDED** to the Richland County Court of Common Pleas.

Parties have filed related motions in related cases C/A Nos. 2:19-cv-01150; 2:19-cv-01151; and 4:19-cv-01154. For the reasons outlined in this order, those matters are also **REMANDED** to their respective state courts.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: May__3_, 2019

Columbia, South Carolina

5