# EXHIBIT 12

Jack N. Frost, Jr. (025312005)
Stephen R. Long (028811980)
**DRINKER BIDDLE & REATH LLP**
A Delaware Limited Liability Partnership
600 Campus Drive
Florham Park, New Jersey 07932-1047
Tel. 973-549-7000
Attorneys for Defendants,
Johnson & Johnson and
Johnson & Johnson Consumer, Inc.

| | |
|---|---|
| KAYLA KELLEY-STRAMER,<br><br>Plaintiff,<br><br>v.<br><br>BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. as successor-in-interest to WHITTAKER, CLARK & DANIELS, INC.), et al.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO: MID-L-196-17 AS<br>_____<br><br>CIVIL ACTION – ASBESTOS LITIGATION<br><br>**ANSWERS TO FIRST SUPPLEMENTAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO JOHNSON & JOHNSON** |

Defendant Johnson & Johnson Consumer, Inc. ("JJCI"), f/k/a Johnson & Johnson Consumer Companies, Inc. (incorrectly sued as Johnson & Johnson), by and through its attorneys, hereby answers Plaintiff's Supplemental Interrogatories and Requests for Production, stating as follows:

<u>**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**</u>

1.      The information contained in these answers is provided pursuant to the applicable rules regarding discovery.  These answers are made without waiving or intending to waive: (i) any objections as to the competence, relevance, materiality, privilege, or admissibility as evidence, for any purpose, information or documents produced in response to these Interrogatories; (ii) the right to object on any ground to the use of the documents or information produced in response to these Interrogatories at any hearings or at trial; (iii) the right to object on any ground at any time for further answers to the Interrogatories; or (iv) the right at any time to revise, correct, supplement, or clarify any of the answers contained herein.

2.      JJCI objects to the purported time frames covered by these Interrogatories because they are overbroad, unduly burdensome, and unreasonable because they seek information and documents that, in substantial part, are not relevant to this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.

3.      JJCI has not completed its investigation and discovery relating to this matter. Given the substantial fact investigation required and the extensive volume of documents and electronic data that must be reviewed, answers are provided herein without prejudice to JJCI's right to amend or to supplement.  The specific answers set forth below and any production made pursuant to the answers are based upon, and necessarily limited by, information now reasonably available to JJCI

4.      JJCI further objects to Plaintiff's discovery Instructions and Definitions to these Interrogatories on the grounds that they are oppressive and attempt to impose obligations on JJCI other than those imposed or authorized by the New Jersey Rule of Court and/or any applicable order of this Court.

5.      JJCI further objects to these Interrogatories to the extent they require the disclosure of confidential, proprietary, or trade-secret information.  JJCI will not produce any documents containing confidential information unless and until the Court has entered an appropriate Protective Order in this case.

6.      JJCI further objects generally to the Interrogatories to the extent they seek information and/or materials that are protected by the attorney-client privilege, the consulting expert witness privilege, the attorney work-product doctrine, joint defense privilege, as trial preparation material, and/or any other applicable privilege or immunity from discovery.  To the extent that any such protected documents or information are inadvertently produced in response to these Interrogatories, the production of such documents or information shall not constitute a waiver of any right to assert the applicability of any privilege or immunity to the documents or information, and any such documents or information shall be returned to JJCI's counsel immediately upon discovery thereof.

7.      JJCI further objects to these Interrogatories to the extent they seek documents, writings, records, or publications that are in the public domain because such information is equally available to Plaintiffs.

8.      JJCI further objects to these Interrogatories on the grounds that they seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence, in part, to the extent that they seek information inconsistent with Plaintiff's allegations of exposure to any products allegedly manufactured by JJCI or premises allegedly owned by JJCI

9.      JJCI further objects to these Interrogatories to the extent that they prematurely seek expert discovery other than as provided by the New Jersey Rules of Court and any other applicable case management order(s), scheduling order(s), or pretrial order(s).

10.     JJCI further objects to Plaintiff's definition of the term "Document" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive to the

extent Plaintiffs seek to impose obligations beyond those required by the New Jersey Rules of Court.

11.     JJCI further objects to Plaintiff's definition of the term "Identify" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive to the extent Plaintiffs seek to impose obligations beyond those required by the New Jersey Rules of Court.

12.     JJCI objects to these Interrogatories on the grounds that they are premature and purport to shift the burden of establishing product identification from Plaintiff to JJCI

13.     JJCI objects to these Interrogatories as argumentative because they require the adoption of assumption, which is improper.

14.     JJCI objects to these Interrogatories, and specifically to the terms "asbestos" and "asbestos-containing product," as vague and ambiguous to the extent they fail to distinguish between raw asbestos, asbestos contained in different types of products or product components, and/or different types of asbestos fibers. JJCI never mined raw asbestos or manufactured any asbestos-containing products.

15.     JJCI hereby incorporates the foregoing Preliminary Statement and General Objections into each and every one of the following answers. The objections asserted in the Preliminary Statement and General Objections may be restated in individual answers for emphasis, but such restatement does not negate the incorporation of these objections to each of the following answers.

## SUPPLEMENTAL INTERROGATORIES

INTERROGATORY NO. S1:     Please identify the inclusive dates during which "Baby Powder" brand talc and/or talcum powder products were manufactured, supplied, sold, and/or distributed in the United States.

ANSWER:     Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories. JJCI further objects to this Interrogatory, and specifically to the terms "'Baby Powder' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Interrogatory seeks information regarding products that are not at issue in this lawsuit, JJCI further objects that the Interrogatory seeks information that is neither relevant to any issue

in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI manufactured JOHNSON'S® Baby Powder during the relevant time period.

INTERROGATORY NO. S2: Identify all suppliers, distributors, sellers, and/or retailers from which talc, talc ore, and/or talcum powder was purchased, received, acquired and/or obtained for use in the manufacture and/or production of "Baby Powder" brand talc and/or talcum powder products, and for each list:

    a)    the inclusive dates and quantity of supply;

    b)    the name and geographic location of each mine and mill source.

ANSWER: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories. JJCI further objects to this Interrogatory, and specifically to the terms "talc, talc ore, and/or talcum powder," "'Baby Powder' brand talc and/or talcum powder products," "quantity of supply," and "geographic location of each mine and mill source," as vague and ambiguous. JJCI further objects to this Interrogatory because the burden and expense of responding to an interrogatory seeking information relating to the talc used in all "talcum powder products" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Interrogatory seeks information regarding products that are not at issue in this lawsuit, JJCI further objects that the Interrogatory seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Interrogatory to the extent it seeks information that is not within the possession, custody, or control of JJCI. Subject to and without waiving the foregoing objections, JJCI

responds as follows: Pursuant to New Jersey Court Rule 4:17-4(d), information responsive to this Interrogatory, if any, can be obtained by examining the documents JJCI will produce in response to Plaintiff's Requests for Production and the burden of deriving or ascertaining this information is substantially the same for JJCI as it is for Plaintiff.

INTERROGATORY NO. S3: Please identify the inclusive dates during which "Shower to Shower" brand talc and/or talcum powder products were manufactured, supplied, sold, and/or distributed in the United States.

ANSWER: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories. JJCI further objects to this Interrogatory, and specifically to the terms "'Shower to Shower' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Interrogatory seeks information regarding products that are not at issue in this lawsuit, JJCI further objects that the Interrogatory seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI manufactured SHOWER TO SHOWER® from the beginning of Plaintiff's alleged use to September 9, 2012.

INTERROGATORY NO. S4: Identify all suppliers, distributors, sellers, and/or retailers from which talc, talc ore, and/or talcum powder was purchased, received, acquired and/or obtained for use in the manufacture and/or production of "Shower to Shower" brand talc and/or talcum powder products, and for each list:

      a)      the inclusive dates and quantity of supply;

      b)      the name and geographic location of each mine and mill source.

ANSWER: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories. JJCI further objects to this Interrogatory, and specifically to the terms "talc, talc ore, and/or talcum powder," "'Shower to Shower' brand talc and/or talcum powder products," "quantity of supply," and "geographic location of each mine and mill source," as vague and ambiguous. JJCI further objects to this Interrogatory because the burden and expense of responding to an interrogatory seeking information relating to the talc used in all "talcum powder products" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Interrogatory seeks information regarding products that are not at issue in this lawsuit, JJCI further objects that the Interrogatory seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Interrogatory to the extent it seeks information that is not within the possession, custody, or control of JJCI. Subject to and without waiving the foregoing objections, JJCI responds as follows: Pursuant to New Jersey Court Rule 4:17-4(d), information responsive to this Interrogatory, if any, can be obtained by examining the documents JJCI will produce in response to Plaintiff's Requests for Production and the burden of deriving or ascertaining this information is substantially the same for JJCI as it is for Plaintiff.

INTERROGATORY NO. S5: Please identify the inclusive years, mine source(s), and supplier(s) of the talc and/or talc ore sourced in Italy that was used in the manufacturing and/or production of J&J Baby Powder.

ANSWER: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories. JJCI further objects to this Interrogatory, and specifically to the terms

"mine source(s)," "supplier(s)," "talc and/or talc ore," "sourced," and "J&J Baby Powder," as vague and ambiguous. JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time or scope. JJCI further objects to this Interrogatory because it seeks information related to mines that are not at issue in this lawsuit. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI did not source any talc from Italy during the relevant time period.

INTERROGATORY NO. S6:     Please identify the inclusive years, mine source(s), and supplier(s) of the talc and/or talc ore sourced in Vermont that was used in the manufacturing and/or production of J&J Baby Powder.

ANSWER:     Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories. JJCI further objects to this Interrogatory, and specifically to the terms "mine source(s)," "supplier(s)," "talc and/or talc ore," "sourced," and "J&J Baby Powder," as vague and ambiguous. JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time or scope. JJCI further objects to this Interrogatory to the extent it seeks information that is not within the possession, custody, or control of JJCI. Subject to and without waiving the foregoing objections, JJCI responds as follows: Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI states that over a period of several decades, JJCI has obtained talc from Vermont, U.S.A. JJCI further states that pursuant to New Jersey Court Rule 4:17-4(d), information responsive to this Interrogatory, if any, can be obtained by examining the documents JJCI will produce in response to Plaintiff's Requests for Production and the burden of deriving or ascertaining this information is substantially the same for JJCI as it is for Plaintiff.

INTERROGATORY NO. S7:    Please identify the inclusive years, mine source(s), and supplier(s) of the talc and/or talc ore sourced in China that was used in the manufacturing and/or production of J&J Baby Powder.

ANSWER:    Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories.  JJCI further objects to this Interrogatory, and specifically to the terms "mine source(s)," "supplier(s)," "talc and/or talc ore," "sourced," and "J&J Baby Powder," as vague and ambiguous.  JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time or scope.  JJCI further objects to this Interrogatory to the extent it seeks information that is not within the possession, custody, or control of JJCI.  Subject to and without waiving the foregoing objections, JJCI responds as follows:  JJCI states that over a period of several decades, JJCI has obtained talc from Guangxi, China.  JJCI further states that pursuant to New Jersey Court Rule 4:17-4(d), information responsive to this Interrogatory, if any, can be obtained by examining the documents JJCI will produce in response to Plaintiff's Requests for Production and the burden of deriving or ascertaining this information is substantially the same for JJCI as it is for Plaintiff.

INTERROGATORY NO. S8:    Please identify the inclusive years, geographic mine source(s) of talc(s)/talc ore(s), and the talc(s)/ore(s) code/lot/other designation for the talc(s) and/or talc ore(s) Whittaker, Clark & Daniels supplied, sold, or distributed to J&J.

ANSWER:    Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories.  JJCI further objects to this Interrogatory, and specifically to the terms "geographic mine source(s)," "talc(s)/talc ore(s)," and "code/lot/other designation," as vague and ambiguous.  JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time or scope.  JJCI further objects to this

Interrogatory to the extent it seeks information that is not within the possession, custody, or control of JJCI. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI states that pursuant to New Jersey Court Rule 4:17-4(d), information responsive to this Interrogatory, if any, can be obtained by examining the documents JJCI will produce in response to Plaintiff's Requests for Production and the burden of deriving or ascertaining this information is substantially the same for JJCI as it is for Plaintiff.

INTERROGATORY NO. S9: Please identify the inclusive years, geographic mine source(s) of talc(s)/talc ore(s), and the talc(s)/ore(s) code/lot/other designation for the talc(s) and/or talc ore(s) Cyprus Amex Minerals f/k/a Cyprus Industrial Minerals a/k/a Windsor Minerals supplied, sold, or distributed to J&J.

ANSWER: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories. JJCI further objects to this Interrogatory, and specifically to the terms "geographic mine source(s)," "talc(s)/talc ore(s)," and "code/lot/other designation," as vague and ambiguous. JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time or scope. JJCI further objects to this Interrogatory to the extent it seeks information that is not within the possession, custody, or control of JJCI. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI states that pursuant to New Jersey Court Rule 4:17-4(d), information responsive to this Interrogatory, if any, can be obtained by examining the documents JJCI will produce in response to Plaintiff's Requests for Production and the burden of deriving or ascertaining this information is substantially the same for JJCI as it is for Plaintiff.

INTERROGATORY NO. S10: Please identify the inclusive years, geographic mine source(s) of talc(s)/talc ore(s), and the talc(s)/ore(s) code/lot/other designation for the talc(s)

and/or talc ore(s) Imerys Talc f/k/a Luzenac Talc f/k/a Rio Tinto supplied, sold, or distributed to J&J.

ANSWER:    Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories.  JJCI further objects to this Interrogatory, and specifically to the terms "geographic mine source(s)," "talc(s)/talc ore(s)," and "code/lot/other designation," as vague and ambiguous.  JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time or scope.  JJCI further objects to this Interrogatory to the extent it seeks information that is not within the possession, custody, or control of JJCI.  Subject to and without waiving the foregoing objections, JJCI responds as follows:  JJCI states that over a period of several decades, JJCI has obtained talc from Imerys Talc f/k/a Luzenac Talc f/k/a Rio Tinto.  JJCI further states that pursuant to New Jersey Court Rule 4:17-4(d), information responsive to this Interrogatory, if any, can be obtained by examining the documents JJCI will produce in response to Plaintiff's Requests for Production and the burden of deriving or ascertaining this information is substantially the same for JJCI as it is for Plaintiff.

INTERROGATORY NO. S11:    Were J&J brand talc and/or talcum powder finished products ever tested or analyzed — either internally or through an outside laboratory — in order to determine whether risk of injury or illness exists when the finished product is used, including but not limited to inhalation studies, skin irritation studies, whether the products contained and/or released asbestos upon use, and carcinogenicity studies? If so, please describe the testing program, including the following:

a)    inclusive dates of the testing or analysis;

b)      all laboratory names and locations — both internal and external — that performed any testing or analysis and inclusive dates;

c)      the type of testing or analysis performed by each laboratory, counting criteria, detection limit, and the inclusive dates.

ANSWER:      Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories.  JJCI further objects to this Interrogatory, and specifically to the terms "J&J brand talc and/or talcum powder finished products," "tested or analyzed," "risk of injury or illness," "finished product," "inhalation studies, skin irritation studies, and carcinogenicity studies," "testing program," "counting criteria," "detection limit," and "testing or analysis," as vague and ambiguous.  JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit.  To the extent the Interrogatory seeks information regarding products that are not at issue in this lawsuit or injuries that are not alleged in this lawsuit, JJCI further objects that the Interrogatory seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, JJCI responds as follows: Pursuant to New Jersey Court Rule 4:17-4(d), information responsive to this Interrogatory, if any, can be obtained by examining the documents JJCI will produce in response to Plaintiff's Requests for Production and the burden of deriving or ascertaining this information is substantially the same for JJCI as it is for Plaintiff.

INTERROGATORY NO. S12:      Identify and describe J&J's first knowledge, notice or awareness about the alleged adverse effects of exposure to talc and/or talc-containing products, including but not limited to the potential for there to be asbestos in talc.

ANSWER: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories. JJCI further objects to this Interrogatory, and specifically to the terms "first knowledge, notice or awareness," "alleged adverse effects of exposure," "talc and/or talc-containing products," and "potential," as vague and ambiguous. JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent the Interrogatory seeks information regarding products that are not at issue in this lawsuit or injuries that are not alleged in this lawsuit, JJCI further objects that the Interrogatory seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect.

INTERROGATORY NO. S13: Identify and describe all efforts to develop, procure, or otherwise locate an alternative material/mineral/ingredient to talc in talcum powder products manufactured, sold, supplied, retailed, and/or distributed by J&J, including when and why these efforts began.

ANSWER: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories. JJCI further objects to this Interrogatory, and specifically to the phrase "efforts to develop, procure, or otherwise locate" and terms "alternative material/mineral/ingredient," and "talcum powder products," as vague and ambiguous. JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Interrogatory seeks information regarding products that are not at issue in this lawsuit,

12

JJCI further objects that the Interrogatory seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, JJCI responds as follows: Pursuant to New Jersey Court Rule 4:17-4(d), information responsive to this Interrogatory, if any, can be obtained by examining the documents JJCI will produce in response to Plaintiff's Requests for Production and the burden of deriving or ascertaining this information is substantially the same for JJCI as it is for Plaintiff.

INTERROGATORY NO. S14: Identify and describe all exposures to asbestos J&J believes caused or contributed to Kayla Kelley-Stamer's mesothelioma.

ANSWER: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Interrogatories. JJCI further objects to this Interrogatory, and specifically to the term "exposures to asbestos" and "believes caused or contributed," as vague and ambiguous. JJCI further objects to this Interrogatory as overly broad and unduly burdensome because the Interrogatory is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Interrogatory seeks information regarding products that are not at issue in this lawsuit, JJCI further objects that the Interrogatory seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Interrogatory to the extent it seeks information that is not within the possession, custody, or control of JJCI.

## JJCI'S PRELIMINARY STATEMENT AND GENERAL OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

1.     The information contained in these responses is provided pursuant to the applicable rules regarding discovery. These responses are made without waiving or intending to waive: (i) any objections as to the competence, relevance, materiality, privilege, or admissibility as evidence, for any purpose, information or documents produced in response to these Requests; (ii) the right to object on any ground to the use of the documents or information produced in response to these Requests at any hearings or at trial; (iii) the right to object on any ground at any

time for further responses to the Requests; or (iv) the right at any time to revise, correct, supplement, or clarify any of the responses contained herein.

2.      JJCI objects to the purported time frames covered by these Requests because they are overbroad, unduly burdensome, and unreasonable because they seek information and documents that, in substantial part, are not relevant to this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.

3.      JJCI has not completed its investigation and discovery relating to this matter. Given the substantial fact investigation required and the extensive volume of documents and electronic data that must be reviewed, responses are provided herein without prejudice to JJCI's right to amend or to supplement.  The specific responses set forth below and any production made pursuant to the responses are based upon, and necessarily limited by, information now reasonably available to JJCI

4.      JJCI further objects to Plaintiff's discovery Instructions and Definitions to these Requests on the grounds that they are oppressive and attempt to impose obligations on JJCI other than those imposed or authorized by the New Jersey Rules of Court and/or any applicable order of this Court.

5.      JJCI further objects to these Requests to the extent they require the disclosure of confidential, proprietary, or trade-secret information.  JJCI will not produce any documents containing confidential information unless and until the Court has entered an appropriate Protective Order in this case.

6.      JJCI further objects generally to the Requests to the extent they seek information and/or materials that are protected by the attorney-client privilege, the consulting expert witness privilege, the attorney work-product doctrine, joint defense privilege, as trial preparation material, and/or any other applicable privilege or immunity from discovery.  To the extent that any such protected documents or information are inadvertently produced in response to these Requests, the production of such documents or information shall not constitute a waiver of any right to assert the applicability of any privilege or immunity to the documents or information, and any such documents or information shall be returned to JJCI's counsel immediately upon discovery thereof.

7.      JJCI further objects to these Requests to the extent they seek documents, writings, records, or publications that are in the public domain because such information is equally available to Plaintiffs.

8.      JJCI further objects to these Requests on the grounds that they seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence, in part, to the extent that they seek information inconsistent with Plaintiff's allegations of exposure to any products allegedly manufactured by JJCI or premises allegedly owned by JJCI

9.      JJCI further objects to these Requests to the extent that they prematurely seek expert discovery other than as provided by the New Jersey Rules of Court and any other applicable case management order(s), scheduling order(s), or pretrial order(s).

10.     JJCI further objects to Plaintiff's definition of the term "Document" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive to the extent Plaintiffs seek to impose obligations beyond those required by the New Jersey Rules of Court.

11.     JJCI further objects to Plaintiff's definition of the term "Identify" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive to the extent Plaintiffs seek to impose obligations beyond those required by the New Jersey Rules of Court. JJCI further objects to Plaintiff's definition and use of the term "Identify" to the extent Plaintiffs seek to require JJCI to create a document for the purposes of this lawsuit, which is improper.

12.     JJCI objects to these Requests on the grounds that they are premature and purport to shift the burden of establishing product identification from Plaintiff to JJCI

13.     JJCI objects to these Requests as argumentative because they require the adoption of assumption, which is improper.

14.     JJCI objects to these Requests, and specifically to the terms "asbestos" and "asbestos-containing product," as vague and ambiguous to the extent they fail to distinguish between raw asbestos, asbestos contained in different types of products or product components, and/or different types of asbestos fibers.  JJCI never mined raw asbestos or manufactured any asbestos-containing products.

15.     JJCI hereby incorporates the foregoing Preliminary Statement and General Objections into each and every one of the following responses.  The objections asserted in the Preliminary Statement and General Objections may be restated in individual responses for emphasis, but such restatement does not negate the incorporation of these objections to each of the following responses.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:     All documents, files or materials identified in your answers to these interrogatories, or to which you referred to supply any answer to these interrogatories

RESPONSE:     Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges.  JJCI further objects to this Request on the grounds that it is overly broad and unduly burdensome, oppressive, vague and ambiguous.  JJCI further objects to this Request on the grounds that it seeks documents that are neither relevant to the subject

matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce the documents it utilized in answering the Interrogatories.

REQUEST NO. 2:   All documents that support your contention Kayla Kelley-Stamer does not suffer from mesothelioma.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. Subject to and without waiving the foregoing objections, JJCI responds as follows: Discovery has just begun. JJCI will supplement its Response to this Request at the appropriate time.

REQUEST NO. 3:   All documents to support your contention Kayla Kelley-Stamer's mesothelioma was caused by anything other than exposure to asbestos.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the term "exposure to asbestos," as vague and ambiguous. Subject to and without waiving the foregoing objections, JJCI responds as follows: Discovery has just begun. JJCI will supplement its Response to this Request at the appropriate time.

REQUEST NO. 4:   All documents to support your contention — if any — that Kayla Kelley-Stamer's mesothelioma was caused by exposure to asbestos from something other than J&J Baby Powder talcum powder products.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the

terms "exposure to asbestos" and "J&J Baby Powder talcum powder products," as vague and ambiguous. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. Subject to and without waiving the foregoing objections, JJCI responds as follows: Discovery has just begun. JJCI will supplement its Response to this Request at the appropriate time.

REQUEST NO. 5:    All documents to support your contention — if any — that Kayla Kelley-Stamer's mesothelioma was caused by exposure to asbestos from something other than J&J Shower-to-Shower talcum powder products.

RESPONSE:    Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "exposure to asbestos" and "J&J Shower-to-Shower talcum powder products," as vague and ambiguous. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. Subject to and without waiving the foregoing objections, JJCI responds as follows: Discovery has just begun. JJCI will supplement its Response to this Request at the appropriate time.

REQUEST NO. 6:    All documents to support your contention — if any — that Kayla Kelley-Stamer's mesothelioma was caused by exposure to asbestos from something other than talcum powder product(s).

RESPONSE:    Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "exposure to asbestos" and "talcum powder product(s)," as vague and ambiguous. JJCI

further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. Subject to and without waiving the foregoing objections, JJCI responds as follows: Discovery has just begun. JJCI will supplement its Response to this Request at the appropriate time.

REQUEST NO. 7: All documents, files or materials regarding employers, work places, and employment information for the following individuals:

     a.      Kayla Kelley-Stamer;

     b.      Kayla Kelley-Stamer's father;

     c.      Kayla Kelley-Stamer's mother;

     d.      Kayla Kelley-Stamer's grandmother;

     e.      Kayla Kelley-Stamer's uncle;

     f.      Kayla Kelley-Stamer's household members.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request to the extent it seeks production of sensitive and private information, the disclosure of which could violate the privacy rights of persons who are not parties to this action, and would also violate statutory, regulatory, and common law, including

the Health Insurance Portability and Accountability Act. JJCI further objects to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiff. JJCI further objects to this Request to the extent it seeks documents that are not within the possession, custody, or control of JJCI.

REQUEST NO. 8: All documents evidencing your current net worth.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request because it is vague and ambiguous, harassing, and overly broad. JJCI further objects to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiff. JJCI further objects to this Request because it seeks to impose obligations on JJCI beyond those permitted by New Jersey law.

REQUEST NO. 9: All formula cards/sheets and material specification sheets for all "Baby Powder" brand talc and/or talcum powder products which show the ingredients used and amount/concentration of each ingredient for each year of manufacture of "Baby Powder" by J&J.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "formula cards/sheets," "material specification sheets," and "'Baby Powder' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated

to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all formula cards/sheets and material specification sheets for all 'Baby Powder' brand talc and/or talcum powder products" significantly outweighs the proposed discovery's likely benefit.  Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 10:   All formula cards/sheets and material specification sheets for all "Shower-to-Shower" brand talc and/or talcum powder products which show the ingredients used and amount/concentration of each ingredient for each year of manufacture of "Shower-to-Shower" by J&J.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "formula cards/sheets," "material specification sheets," and "'Shower-to-Shower' brand talc and/or talcum powder products," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all formula cards/sheets and material specification sheets for all ''Shower-to-Shower' brand talc and/or talcum powder products" significantly outweighs the proposed discovery's likely benefit.   Subject to and

without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 11: All invoices and billing records from McCrone to J&J for consultation related to identification and/or quantification of asbestos in J&J talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "consultation," "related to identification and/or quantification" and "J&J talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 12: All documents, correspondence, communications, records, results, and other information J&J received from J&J's talc, talc ore, and/or talcum powder suppliers regarding the asbestos-free nature of the talc supplied to J&J upon which J&J claims it relied.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the

terms "J&J's talc, talc ore, and/or talcum powder suppliers," "asbestos-free nature," and "relied," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, correspondence, communications, records, results, and other information" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 13: All records, invoices, receipts, bills of lading, documents, files or materials showing the quantity, price and date of each talc, talc ore, and/or talc-containing product/material that was used in the manufacture and/or processing of "Baby Powder" brand talc and/or talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "talc, talc ore, and/or talc-containing product/material," "processing," and "'Baby Powder'

brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all records, invoices, receipts, bills of lading, documents, files or materials" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 14: All records, invoices, receipts, bills of lading, documents, files or materials showing the quantity, price and date of each talc, talc ore, and/or talc-containing product/material that was used in the manufacture and/or processing of "Shower-to-Shower" brand talc and/or talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "talc, talc ore, and/or talc-containing product/material," "processing," and "'Shower-to-Shower' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further

objects to this Request because the burden and expense of responding to a request for "all records, invoices, receipts, bills of lading, documents, files or materials" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 15: All photographs or other images of all "Baby Powder" brand talc and/or talcum powder products, including photographs or other images of the packaging depicted in any catalogues, advertisements, in print, electronic, or other form.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "photographs or other images" and "'Baby Powder' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "photographs or other images" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request because the Request, as phrased, seeks material that is in the public domain and therefore is equally available to Plaintiff. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged material, if any, in its possession.

REQUEST NO. 16:    All photographs or other images of all "Shower-to-Shower" brand talc and/or talcum powder products, including photographs or other images of the packaging depicted in any catalogues, advertisements, in print, electronic, or other form.

RESPONSE:    Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "photographs or other images" and "'Shower-to-Shower' brand talc and/or talcum powder products," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   JJCI further objects to this Request because the burden and expense of responding to a request for "photographs or other images" significantly outweighs the proposed discovery's likely benefit.  JJCI further objects to this Request because the Request, as phrased, seeks material that is in the public domain and therefore is equally available to Plaintiff.  Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged material, if any, in its possession.

REQUEST NO. 17:    All samples and/or exemplars of all "Baby Powder" brand talc and/or talcum powder products.

RESPONSE:    Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars," and "'Baby Powder' brand talc and/or talcum powder products," as vague and ambiguous.  JJCI further objects to this Request as overly broad and

unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit.

REQUEST NO. 18: All samples and/or exemplars of all "Shower-to-Shower" brand talc and/or talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars," and "'Shower-to-Shower' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit.

REQUEST NO. 19: All filters, cartridges, grids, and other materials from all testing, analysis, and/or investigation for asbestos in talcum powder products sold, distributed, supplied, and/or retailed.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "filters, cartridges, grids, and other materials," "testing, analysis, and/or investigation" and "talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all filters, cartridges, grids, and other materials" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. Subject to and without waiving these objections, JJCI will produce relevant, non-privileged documents, if any, in its possession relating to the products at issue in this case.

REQUEST NO. 20: All filters, cartridges, grids, and other materials from all testing, analysis, and/or investigation for asbestos in "Baby Powder" brand talc and/or talcum powder products sold, distributed, supplied, and/or retailed.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "filters, cartridges, grids, and other materials," "testing, analysis, and/or investigation" and "'Baby Powder' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited

in time, scope, to or the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all filters, cartridges, grids, and other materials" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. JJCI further objects to this Request because it seeks documents and/or materials that are not in JJCI's possession, custody, or control. Subject to and without waiving these objections, JJCI will produce relevant, non-privileged documents, if any, in its possession relating to the products at issue in this case.

REQUEST NO. 21: All filters, cartridges, grids, and other materials from all testing, analysis, and/or investigation for asbestos in "Shower-to-Shower" brand talc and/or talcum powder products sold, distributed, supplied, and/or retailed.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "filters, cartridges, grids, and other materials," "testing, analysis, and/or investigation" and "'Shower-to-Shower' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to or the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of

this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all filters, cartridges, grids, and other materials" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. JJCI further objects to this Request because it seeks documents and/or materials that are not in JJCI's possession, custody, or control. Subject to and without waiving these objections, JJCI will produce relevant, non-privileged documents, if any, in its possession relating to the products at issue in this case.

REQUEST NO. 22:   All samples and/or exemplars of talc and/or talc ore used in the manufacture and/or processing of "Baby Powder" brand talc and/or talcum powder products.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars," "talc and/or talc ore," "processing," and "'Baby Powder' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving

29

the foregoing objections, JJCI responds as follows: has not been able to locate any samples or exemplars responsive to this Request. JJCI will supplement this response if needed.

REQUEST NO. 23: All samples and/or exemplars of talc and/or talc ore used in the manufacture and/or processing of "Shower-to-Shower" brand talc and/or talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars," "talc and/or talc ore," "processing," and "'Shower-to-Shower' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, JJCI responds as follows: has not been able to locate any samples or exemplars responsive to this Request. JJCI will supplement this response if needed.

REQUEST NO. 24: All filters, cartridges, grids, and other materials from all testing, analysis, and/or investigation for asbestos in the talc and/or talc ore used in the manufacture and/or processing of "Baby Powder" brand talc and/or talcum powder products.

RESPONSE:  Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "filters, cartridges, grids, and other materials," "testing, analysis, and/or investigation" "processing," and "'Baby Powder' brand talc and/or talcum powder products," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all filters, cartridges, grids, and other materials" significantly outweighs the proposed discovery's likely benefit.  JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect.  JJCI further objects to this Request because it seeks documents and/or materials that are not in JJCI's possession, custody, or control.  Subject to and without waiving these objections, JJCI will produce relevant, non-privileged documents, if any, in its possession relating to the products at issue in this case.

REQUEST NO. 25:  All filters, cartridges, grids, and other materials from all testing, analysis, and/or investigation for asbestos in the talc and/or talc ore used in the manufacture and/or processing of "Shower-to-Shower" brand talc and/or talcum powder products.

RESPONSE:  Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the

terms "filters, cartridges, grids, and other materials," "testing, analysis, and/or investigation" "processing," and "'Shower-to-Shower' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all filters, cartridges, grids, and other materials" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. JJCI further objects to this Request because it seeks documents and/or materials that are not in JJCI's possession, custody, or control. Subject to and without waiving these objections, JJCI will produce relevant, non-privileged documents, if any, in its possession relating to the products at issue in this case.

REQUEST NO. 26: All records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents relating to the testing and/or analysis for asbestos in talc and/or talc ore used in the manufacturing and/or processing of "Baby Powder" brand talc and/or talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the

terms "results," "analysis," "summaries," "data," "reports," "charts," "files," "materials," "other documents," "testing and/or analysis," "talc and/or talc ore," "processing," and "'Baby Powder' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. JJCI further objects to this Request because it seeks documents and/or materials that are not in JJCI's possession, custody, or control. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 27: All records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents relating to the testing and/or analysis for asbestos in talc and/or talc ore used in the manufacturing and/or processing of "Shower-to-Shower" brand talc and/or talcum powder products.

RESPONSE:  Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "results," "analysis," "summaries," "data," "reports," "charts," "files," "materials," "other documents," "testing and/or analysis," "talc and/or talc ore," "processing," and "'Shower-to-Shower' brand talc and/or talcum powder products," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents" significantly outweighs the proposed discovery's likely benefit.  JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect.  JJCI further objects to this Request because it seeks documents and/or materials that are not in JJCI's possession, custody, or control.  Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 28:  All records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials,

and other documents relating to the testing and/or analysis for asbestos in "Baby Powder" brand talc and/or talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "results," "analysis," "summaries," "data," "reports," "charts," "files," "materials," "other documents," "testing and/or analysis," "talc and/or talc ore," "processing," and "'Baby Powder' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. JJCI further objects to this Request because it seeks documents and/or materials that are not in JJCI's possession, custody, or control. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 29: All records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials,

and other documents relating to the testing and/or analysis for asbestos in "Shower-to-Shower" brand talc and/or talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "results," "analysis," "summaries," "data," "reports," "charts," "files," "materials," "other documents," "testing and/or analysis," "talc and/or talc ore," "processing," and "'Shower-to-Shower' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. JJCI further objects to this Request because it seeks documents and/or materials that are not in JJCI's possession, custody, or control. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 30: All records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents relating to the testing and/or analysis for releasability of asbestos in "Baby Powder" brand talc and/or talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "results," "analysis," "summaries," "data," "reports," "charts," "files," "materials," "other documents," "testing and/or analysis," "releasability of asbestos," and "'Baby Powder' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. JJCI further objects to this Request because it seeks documents and/or materials that are not in JJCI's possession, custody, or control. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 31:   All records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents relating to the testing and/or analysis for releasability of asbestos in "Shower-to-Shower" brand talc and/or talcum powder products.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "results," "analysis," "summaries," "data," "reports," "charts," "files," "materials," "other documents," "testing and/or analysis," "releasability of asbestos," and "'Shower-to-Shower' brand talc and/or talcum powder products," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents" significantly outweighs the proposed discovery's likely benefit.  JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect.  JJCI further objects to this Request because it seeks documents and/or materials that are not in JJCI's possession, custody, or control.  Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 32:   All records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents relating to the testing and/or analysis for the determination of risk of injury or illness when the "Baby Powder" brand talc and/or talcum powder is used, including but not limited to inhalation studies, skin irritation studies, and carcinogenicity studies.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "results," "analysis," "summaries," "data," "reports," "charts," "files," "materials," "other documents," "testing and/or analysis," "determination," "risk of injury or illness," "'Baby Powder' brand talc and/or talcum powder products," "inhalation studies," "skin irritation studies," and "carcinogenicity studies," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents" significantly outweighs the proposed discovery's likely benefit.  JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect.  JJCI further

objects to this Request because it seeks documents and/or materials that are not in JJCI's possession, custody, or control. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 33: All records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED patterns, reports, charts, files or materials, and other documents relating to the testing and/or analysis for the determination of risk of injury or illness when the "Shower-to-Shower" brand talc and/or talcum powder is used, including but not limited to inhalation studies, skin irritation studies, and carcinogenicity studies.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "results," "analysis," "summaries," "data," "reports," "charts," "files," "materials," "other documents," "testing and/or analysis," "determination," "risk of injury or illness," "'Shower-to-Shower' brand talc and/or talcum powder products," "inhalation studies," "skin irritation studies," and "carcinogenicity studies," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all records, results, analysis, correspondence, summaries, data, bench sheets, XRD curves, photomicrographs, SAED

patterns, reports, charts, files or materials, and other documents" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. JJCI further objects to this Request because it seeks documents and/or materials that are not in JJCI's possession, custody, or control. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 34:   All samples and/or exemplars of talc from:

    a.      American Talc Co.;

    b.      Pioneer Talc;

    c.      Whittaker, Clark & Daniels, Inc.;

    d.      Brenntag Specialties, Inc.;

    e.      Brenntag North America;

    f.      Mineral Pigment Solutions, Inc.;

    g.      Metropolitan Talc Co.;

    h.      Charles Mathieu Co.;

    i.      Charles B. Chrystal;

    j.      Windsor Minerals;

    k.      Winsor Minerals;

    l.      Eastern Magnesia Talc;

    m.      EMTAL;

    n.      Vertal;

o.      Vermont Talc Co.;

p.      Imerys Talc;

q.      Luzenac Talc;

r.      Rio Tinto;

s.      Cyprus Amax Minerals;

t.      Cyprus Industrial Minerals;

u.      Cyprus Mineral Co;

v.      R.T. Vanderbilt;

w.      Gouverneur Talc Co.;

x.      International Talc Co.;

y.      Pfizer, Inc.;

z.      Johns-Manville;

aa.      Mt. Sinai;

bb.      New York University;

cc.      Seymour Lewin, PhD;

dd.      Bureau of Foods;

ee.      Food and Drug Administration;

ff.      Arthur Langer, PhD.;

gg.      Robert Nolan, PhD.;

hh.      Helena Rubenstein.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars," as vague and ambiguous. JJCI further objects to this Request

as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks documents that are not within the possession, custody, or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Interrogatory to the extent it seeks confidential, trade secret and/or proprietary information. Subject to and without waiving these objections, JJCI does not possess any of the samples or exemplars requested.

REQUEST NO. 35: All samples and/or exemplars of talc from:

a.     Italy;

b.     Vermont;

c.     Montana;

d.     France;

e.     China;

f.     North Carolina;

g.     Alabama.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars," as vague and ambiguous. JJCI further objects to this Request

as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks documents that is not within the possession, custody, or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Interrogatory to the extent it seeks confidential, trade secret and/or proprietary information. Subject to and without waiving these objections, JJCI has not been able to locate any samples or exemplars responsive to this request. JJCI will supplement this response if needed.

REQUEST NO. 36: All samples and/or exemplars of "Baby Powder" brand talc and/or talcum powder products provided to and/or collected by:

    a.      Bureau of Foods;

    b.      Food and Drug Administration;

    c.      Cosmetic, Toiletry and Fragrance Association, f/k/a the American Manufacturers of Toilet Articles, now known as Personal Care Products Council ("CTFA f/k/a AMTA a/k/a PCPC");

    d.      Arthur Langer, PhD;

    e.      Robert Nolan, PhD;

    f.      Alan Segrave, P.G.;

    g.      Seymour Lewin, PhD;

        h.        Matthew Sanchez, PhD.

<u>RESPONSE</u>:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars," "'Baby Powder' brand talc and/or talcum powder products," "provided to and/or collected by," and "Bureau of Foods," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit.  JJCI further objects to this Request to the extent it seeks material that are not within the possession, custody, or control of JJCI or could be more easily obtained from a third party.  JJCI further objects to this Interrogatory to the extent it seeks confidential, trade secret and/or proprietary information.  Subject to and without waiving these objections, JJCI does not possess any of the samples or exemplars requested.

<u>REQUEST NO. 37</u>:   All samples and/or exemplars of "Shower-to-Shower" brand talc and/or talcum powder products provided to and/or collected by:

        a.        Bureau of Foods;

        b.        Food and Drug Administration;

        c.        CTFA f/k/a AMTA a/k/a PCPC;

        d.        Arthur Langer, PhD;

  e.  Robert Nolan, PhD;

  f.  Alan Segrave, P.G.;

  g.  Seymour Lewin, PhD;

  h.  Matthew Sanchez, PhD.

RESPONSE:  Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars," "'Shower-to-Shower' brand talc and/or talcum powder products," "provided to and/or collected by," and "Bureau of Foods," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks material that are not within the possession, custody, or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Interrogatory to the extent it seeks confidential, trade secret and/or proprietary information. Subject to and without waiving these objections, JJCI does not possess any of the samples or exemplars requested.

REQUEST NO. 38: All samples and/or exemplars of talc provided to and/or collected by Bureau of Foods from:

  a.  Italy;

b.      Vermont;

c.      Montana;

d.      France;

e.      China;

f.      North Carolina;

g.      Alabama.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars" and "Bureau of Foods," as vague and ambiguous.   JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.   To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit.   JJCI further objects to this Request to the extent it seeks documents that is not within the possession, custody, or control of JJCI or could be more easily obtained from a third party.   JJCI further objects to this Interrogatory to the extent it seeks confidential, trade secret and/or proprietary information.    Subject to and without waiving these objections, JJCI has not been able to locate any samples or exemplars responsive to this request.   JJCI will supplement this response if needed.

REQUEST NO. 39:   All samples and/or exemplars of talc provided to and/or collected by Food and Drug Administration from:

      a.      Italy;

      b.      Vermont;

      c.      Montana;

      d.      France;

      e.      China;

      f.      North Carolina;

      g.      Alabama.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit.  JJCI further objects to this Request to the extent it seeks documents that is not within the possession, custody, or control of JJCI or could be more easily obtained from a third party.  JJCI further objects to this Interrogatory to the extent it seeks confidential, trade secret and/or proprietary information.

Subject to and without waiving these objections, JJCI has not been able to locate any samples or exemplars responsive to this request.  JJCI will supplement this response if needed.

REQUEST NO. 40:    All samples and/or exemplars of talc provided to and/or collected by CTFA f/k/a AMTA a/k/a PCPC from:

        a.     Italy;

        b.     Vermont;

        c.     Montana;

        d.     France;

        e.     China;

        f.     North Carolina;

        g.     Alabama.

RESPONSE:    Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit.  JJCI further objects to this Request to the extent it seeks documents that is not within the possession, custody, or control of JJCI or could be more easily obtained from a third party.  JJCI further objects to this

Interrogatory to the extent it seeks confidential, trade secret and/or proprietary information. Subject to and without waiving these objections, JJCI has not been able to locate any samples or exemplars responsive to this request. JJCI will supplement this response if needed.

REQUEST NO. 41: All samples and/or exemplars of talc provided to and/or collected by Arthur Langer, PhD from:

      a.     Italy;

      b.     Vermont;

      c.     Montana;

      d.     France;

      e.     China;

      f.     North Carolina;

      g.     Alabama.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars" and "provided to and/or collected by," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks documents that are not

within the possession, custody, or control of JJCI or could be more easily obtained from a third party.  Subject to and without waiving these objections, JJCI does not possess any of the samples or exemplars requested.

REQUEST NO. 42:   All samples and/or exemplars of talc provided to and/or collected by Robert Nolan, PhD from:

a.     Italy;

b.     Vermont;

c.     Montana;

d.     France;

e.     China;

f.     North Carolina;

g.     Alabama.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars" and "provided to and/or collected by," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit.  JJCI further objects to this Request to the extent it seeks documents that are not

within the possession, custody, or control of JJCI or could be more easily obtained from a third party. Subject to and without waiving these objections, JJCI does not possess any of the samples or exemplars requested.

REQUEST NO. 43: All samples and/or exemplars of talc provided to and/or collected by Alan Segrave, P.G. from:

        a.      Italy;

        b.      Vermont;

        c.      Montana;

        d.      France;

        e.      China;

        f.      North Carolina;

        g.      Alabama.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars" and "provided to and/or collected by," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks documents that are not

within the possession, custody, or control of JJCI or could be more easily obtained from a third party. Subject to and without waiving these objections, JJCI does not possess any of the samples or exemplars requested.

REQUEST NO. 44:   All samples and/or exemplars of talc provided to and/or collected by Seymour Lewin, PhD from:

a.      Italy;

b.      Vermont;

c.      Montana;

d.      France;

e.      China;

f.      North Carolina;

g.      Alabama.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars" and "provided to and/or collected by," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks documents that are not

within the possession, custody, or control of JJCI or could be more easily obtained from a third party. Subject to and without waiving these objections, JJCI does not possess any of the samples or exemplars requested.

REQUEST NO. 45:   All samples and/or exemplars of talc provided to and/or collected by Matthew Sanchez, PhD from:

        a.       Italy;

        b.       Vermont;

        c.       Montana;

        d.       France;

        e.       China;

        f.       North Carolina;

        g.       Alabama.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "samples and/or exemplars" and "provided to and/or collected by," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all samples and/or exemplars" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks documents that are not

within the possession, custody, or control of JJCI or could be more easily obtained from a third party. Subject to and without waiving these objections, JJCI does not possess any of the samples or exemplars requested.

REQUEST NO. 46: All laboratory notebooks and other documents, files or materials relating to any testing and/or analysis of talc-containing and/or talcum powder products for asbestos content and/or releasability.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "testing and/or analysis," "talc-containing and/or talcum powder products" and "asbestos content and/or releasability," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all laboratory notebooks and other documents, files or materials" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 47:   All documents, files or materials related to J&J's procedure — if any — for testing and/or analyzing talc and/or talcum powder products for asbestos content and asbestos releasibility.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "procedure," "testing and/or analysis," "talc and/or talcum powder products" and "asbestos content and/or releasibility," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit.   JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect.  Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 48:   All documents, files, or materials relating to air monitoring and/or sampling conducted at J&J facilities where talcum powder products were manufactured, produced, developed,  warehoused, stored, researched, and/or tested.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the

terms "air monitoring and/or sampling," "conducted," and "talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 49: All Material Safety Data Sheets for all ingredients obtained, purchased, and/or received for use in "Baby Powder" brand talc and/or talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "ingredients," "obtained, purchased, and/or received," "for use in," "'Baby Powder' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited to a reasonable time, in scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all Material Safety Data Sheets" significantly outweighs the proposed discovery's likely benefit.

JJCI further objects to this Request to the extent it seeks documents that are not within the possession, custody, or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiff. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 50: All Material Safety Data Sheets for all ingredients obtained, purchased, and/or received for use in "Shower-to-Shower" brand talc and/or talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "ingredients," "obtained, purchased, and/or received," "for use in," "'Shower-to-Shower' brand talc and/or talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited to a reasonable time, in scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all Material Safety Data Sheets" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks documents that are not within the possession, custody, or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request because the Request, as phrased, seeks documents, writings,

records, or publications that are in the public domain and therefore are equally available to Plaintiff. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 51: All correspondence, communications, memorandums, conference reports, submissions, exchanges, and other documents between J&J and government regulatory agencies, including but not limited to FDA, EPA, NIOSH, OSHA, NJDEP, MSHA.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "reports," "submissions," "exchanges," "government regulatory agencies," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited to a reasonable time, in scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all correspondence, communications, memorandums, conference reports, submissions, exchanges, and other documents" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks documents that are not within the possession, custody, or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiff. Subject to and without waiving the foregoing objections, JJCI

responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 52: All correspondence, communications, memorandums, conference reports, submissions, exchanges, and other documents between J&J and trade organizations/associations, including but not limited to CTFA f/k/a AMTA a/k/a PCPC.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "submissions," "exchanges," "trade organizations/associations," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited to a reasonable time, in scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all correspondence, communications, memorandums, conference reports, submissions, exchanges, and other documents" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks documents that are not within the possession, custody, or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiff. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 53:   All minutes, membership logs, digests, magazines, and printed materials received from all trade associations/organizations J&J was a member of including but not limited to CTFA f/k/a AMTA a/k/a PCPC.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "minutes," "membership logs," "digests," "printed materials" and "trade organizations/associations," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited to a reasonable time, in scope, or to the products at issue in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all minutes, membership logs, digests, magazines, and printed materials" significantly outweighs the proposed discovery's likely benefit.  JJCI objects to this Request to the extent it seeks documents that is not in the possession, custody or control of JJCI or could be more easily obtained from a third party.  JJCI further objects to this Request to the extent it seeks documents that are not within the possession, custody, or control of JJCI or could be more easily obtained from a third party.  Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 54:   All documents — including but not limited to reports, data, and transcripts — related to any submissions made, or testimony given, to any government

regulatory agency — including but not limited to FDA, EPA, OSHA, NIOSH, MSHA — regulatory agency — including but not limited to FDA, EPA, OSHA, NIOSH, MSHA — regarding talc mined, milled, processed, supplied, sold, delivered, and/or distributed by J&J.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "submissions made," "testimony given," "government regulatory agency," and "mined, milled, processed, supplied, sold, delivered, and/or distributed," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited to a reasonable time, in scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents — including but not limited to reports, data, and transcripts" significantly outweighs the proposed discovery's likely benefit. JJCI objects to this Request to the extent it seeks documents that is not in the possession, custody or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiff. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 55: All correspondence, communications, memorandums, conference reports, and other documents between J&J and:

      a.      American Talc Co.;

b.      Pioneer Talc;

c.      Whittaker, Clark & Daniels, Inc.;

d.      Brenntag Specialties, Inc.;

e.      Brenntag North America;

f.      Mineral Pigment Solutions, Inc.;

g.      Metropolitan Talc Co.;

h.      Charles Mathieu Co.;

i.      Charles B. Chrystal;

j.      Windsor Minerals;

k.      Winsor Minerals;

l.      Eastern Magnesia Talc;

m.      EMTAL;

n.      Vertal;

o.      Vermont Talc Co.;

p.      Imerys Talc;

q.      Luzenac Talc;

r.      Rio Tinto;

s.      Cyprus Amax Minerals;

t.      Cyprus Industrial Minerals;

u.      Cyprus Mineral Co;

v.      R.T. Vanderbilt;

w.      Gouverneur Talc Co.;

x.      International Talc Co.;

y.      Pfizer, Inc.;

z.      Johns-Manville;

aa.     Mt. Sinai;

bb.     New York University;

cc.     Seymour Lewin, PhD;

dd.     Bureau of Foods;

ee.     Food and Drug Administration;

ff.     Arthur Langer, PhD.;

gg.     Robert Nolan, PhD.;

hh.     Helena Rubenstein.

<u>RESPONSE:</u>   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "correspondence," "communications," "memorandums," "conference reports," "other documents," and "Bureau of Foods," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all correspondence, communications, memorandums, conference reports, and other documents" significantly outweighs the proposed discovery's likely benefit.  JJCI further objects to this Request to the extent it seeks documents that are not within the possession, custody, or control of JJCI or could

be more easily obtained from a third party. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 56:   All correspondence, communications, memorandums, conference reports, and other documents regarding:

a.    talc

b.    talcum powder

c.    testing and/or analysis of talc and/or talcum powder

d.    asbestos

e.    corn starch

f.    CTFA

g.    PCPC

h.    FDA

i.    OSHA

j.    Bureau of Foods

k.    regulations

l.    x-ray diffraction or XRD

m.    light microscopy

n.    electron microscopy and/or TEM.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "talcum powder" "testing and/or analysis," and "talc and/or talcum powder," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because

it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all correspondence, communications, memorandums, conference reports, and other documents" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiff. JJCI further objects to this Request to the extent it seeks documents that are not within the possession, custody, or control of JJCI or could be more easily obtained from a third party. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 57: All documents, files or materials relating to J&J's first knowledge, notice or awareness about the alleged adverse effects of exposure to asbestos and/or asbestos-containing products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "first knowledge," "notice," "awareness," "alleged adverse effects," and "exposure to asbestos and/or asbestos-containing products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information

about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, JJCI responds: JJCI's products do not contain asbestos.

REQUEST NO. 58: All documents, files or materials relating to J&J's first knowledge, notice or awareness about the potential inclusion and/or contamination of talc with asbestos.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "first knowledge," "notice," "awareness," and "potential inclusion and/or contamination," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. Subject to and

without waiving the foregoing objections, JJCI responds: JJCI's products do not contain asbestos.

REQUEST NO. 59: All documents, files or materials relating to J&J's first knowledge, notice or awareness about the alleged adverse effects of exposure to talc and/or talc-containing products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "first knowledge," "notice or awareness," "alleged adverse effects," and "exposure to talc and/or talc-containing products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit.

REQUEST NO. 60: All documents, files or materials relating to the availability of materials/ingredients as substitutes and/or replacements for talc in J&J talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "availability," "materials/ingredients," "substitutes and/or replacements," and "talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad

and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. Last, the request is nonsensical because, by definition, there is no substitute for "talc" in "talcum powder."

REQUEST NO. 61: All documents, files or materials relating to the availability, feasibility, and/or use of corn starch in talcum powder products.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "availability," "feasibility," and "talcum powder products," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable

privileges. Last, the request is nonsensical because, by definition, "corn starch" is not a substitute for "talc" in "talcum powder."

REQUEST NO. 62: All documents, files or materials relating to warnings and/or cautions J&J provided to its customers regarding the potential health hazards of asbestos.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "warnings and/or cautions," "provided," and "potential health hazards of asbestos," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. Subject to and without waiving the foregoing objections, JJCI responds as follows: As to the product at issue in this case there was no warning because the product did not contain asbestos.

REQUEST NO. 63: All documents, files or materials relating to warnings and/or cautions J&J provided to its employees regarding the potential health hazards of asbestos.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "warnings and/or cautions," "provided," and "potential health hazards of asbestos," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. JJCI objects to this Request to the extent it seeks documents that is not in the possession, custody or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. Subject to and without waiving the foregoing objections, JJCI responds as follows: As to the product at issue in this case there was no need for a warning because the product did not contain asbestos.

REQUEST NO. 64: All documents, files or materials relating to warnings and/or cautions J&J provided to its suppliers/distributors/sellers/retailers regarding the potential health hazards of asbestos.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "warnings and/or cautions," "provided," and "potential health hazards of asbestos," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. JJCI objects to this Request to the extent it seeks documents that is not in the possession, custody or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect. Subject to and without waiving the foregoing objections, JJCI responds as follows: As to the product at issue in this case there was no need for a warning because the product did not contain asbestos.

REQUEST NO. 65: All documents, files or materials relating to warnings and/or cautions J&J received from any and all sources regarding the potential health hazards of asbestos.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "warnings and/or cautions," "received," and "potential health hazards of asbestos," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. JJCI objects to this Request to the extent it seeks documents that is not in the possession, custody or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and is factually incorrect.

REQUEST NO. 66: All documents, files or materials relating to warnings and/or cautions J&J provided to its customers regarding the potential health hazards of talc.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "warnings and/or cautions," "provided," and "potential health hazards of talc," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. JJCI objects to this Request to the extent it seeks documents that is not in the possession, custody or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges.

REQUEST NO. 67: All documents, files or materials relating to warnings and/or cautions J&J provided to its employees regarding the potential health hazards of talc.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "warnings and/or cautions," "provided," and "potential health hazards of talc," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries

alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. JJCI objects to this Request to the extent it seeks documents that is not in the possession, custody or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges.

REQUEST NO. 68: All documents, files or materials relating to warnings and/or cautions J&J provided to its suppliers/distributors/sellers/retailers regarding the potential health hazards of talc.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "warnings and/or cautions," "provided," and "potential health hazards of talc," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of

admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit.  JJCI objects to this Request to the extent it seeks documents that is not in the possession, custody or control of JJCI or could be more easily obtained from a third party.  JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges.

REQUEST NO. 69:  All documents, files or materials relating to warnings and/or cautions J&J received from any and all sources regarding the potential health hazards of talc.

RESPONSE:  Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "warnings and/or cautions," "received," and "potential health hazards of talc," as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit.  JJCI objects to this Request to the extent it seeks documents that is not in the possession, custody or control of JJCI or could be more easily obtained from a third party.  JJCI further objects to this Request to the extent it seeks the disclosure of documents

that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges.

REQUEST NO. 70: All documents, files or materials concerning J&J's attempts to comply with OSHA, MSHA, NIOSH or other governmental standards at J&J's manufacturing, development, storage, warehouse, processing, testing, mining, milling, and research facilities.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "attempts to comply" and "OSHA, MSHA, NIOSH or other governmental standards" as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or to injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. JJCI objects to this Request to the extent it seeks documents that is not in the possession, custody or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Further, JJCI cannot determine what is being sought by this request.

REQUEST NO. 71: All documents, files or materials concerning all incidents of asbestosis, talcosis, lung cancer, and mesothelioma suffered by - or claimed to be suffered by — J&J's current and former employees.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "incidents of" and "claimed to be suffered by" as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. JJCI objects to this Request to the extent it seeks documents that is not in the possession, custody or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request to the extent it seeks production of sensitive and private information, the disclosure of which could violate the privacy rights of persons who are not parties to this action, and would also violate statutory, regulatory, and common law, including the Health Insurance Portability and Accountability Act. JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Further, JJCI cannot determine what is being sought by this request.

REQUEST NO. 72:   All correspondence in any form and of any type between J&J and any other company, person or entity regarding the subject of talc carcinogenicity, asbestos contamination, measurement techniques, analysis techniques or how asbestos contamination in consumer products should be characterized.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.  JJCI further objects to this Request, and specifically to the terms "talc carcinogenicity," "asbestos contamination," "measurement techniques," "analysis techniques," "asbestos contamination in consumer products," and "characterized" as vague and ambiguous.  JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit.  To the extent this Request seeks documents related to products that are not at issue in this lawsuit or information about injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  JJCI further objects to this Request because the burden and expense of responding to a request for "all correspondence in any form and of any type" significantly outweighs the proposed discovery's likely benefit.  JJCI objects to this Request to the extent it seeks documents that is not in the possession, custody or control of JJCI or could be more easily obtained from a third party.  JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges.  JJCI further objects to Plaintiff's characterization of JJCI's product(s) as asbestos-containing products on the grounds that such an assertion is argumentative, assumes facts that

are not in evidence, and is factually incorrect. Further, JJCI cannot determine what is being sought by this request.

REQUEST NO. 73:   All articles of incorporation and all amendments thereto for J&J.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.   JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.   To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   JJCI also objects to this Request because the burden and expense of responding to a request for "all articles of incorporation and all amendments thereto" significantly outweigh the proposed discovery's likely benefit.   JJCI further objects to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiff.

REQUEST NO. 74:   All documents, files or materials related to the relationship between J&J and Valeant Pharmaceuticals, Inc. and Valeant Pharmaceuticals North America including but not limited to merger agreements, asset purchases, buy-outs, take-overs, credit exchanges,   successorship,   predecessorship,   and   consolidation   of entities/staff/executives/organizations.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production.   JJCI further objects to this Request, and specifically to the terms "materials," "relationship," "successorship," "predecessorship," and "consolidation of entities/staff/executives/organization," as vague and ambiguous.   JJCI further objects to this

Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI also objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweigh the proposed discovery's likely benefit. JJCI further objects to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiff.

REQUEST NO. 75: All documents, files or materials related to the relationship between J&J and Johnson Consumer Products including but not limited to merger agreements, asset purchases, buy-outs, take-overs, credit exchanges, successorship, predecessorship, and consolidation of entities/staff/executives/organizations.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "materials," "relationship," "successorship," "predecessorship," and "consolidation of entities/staff/executives/organization," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI also objects to this Request because the burden and expense of responding to a request for "all documents, files or materials"

significantly outweigh the proposed discovery's likely benefit. JJCI further objects to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiff.

REQUEST NO. 76:  All documents related to J&J's sales, distribution, marketing, production, and other business activities in the State of Minnesota.

RESPONSE:  Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "distribution," "marketing," "production," and "other business," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the specific geographic region at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or to documents relating to geographic regions that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit.

REQUEST NO. 77:  All documents related to J&J's sales, distribution, marketing, production, and other business activities in the State of New Jersey.

RESPONSE:  Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "distribution," "marketing," "production," and "other business," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not

limited in time, scope, to the products at issue in this lawsuit, or to the specific geographic region at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or to geographic regions that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit.

REQUEST NO. 78: All documents, files or materials related to J&J's profits and financial condition.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "profits" and "financial condition," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request because it seeks publicly available information that is equally available to Plaintiff.

REQUEST NO. 79: The "monopoly board" created by or in conjunction with Imerys regarding talc litigation.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "monopoly board," "created by or in conjunction with Imerys," and "talc litigation," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or to injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request to the extent it seeks documents that are not within the possession, custody, or control of JJCI or could be more easily obtained from a third party.

REQUEST NO. 80: All documents produced by all defendants in the St. Louis ovarian cancer litigation.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the term "St. Louis ovarian cancer litigation," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit or to injuries that are not alleged in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the

burden and expense of responding to a request for "all documents produced by all defendants" significantly outweighs the proposed discovery's likely benefit. JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. JJCI further objects to this Request to the extent it seeks documents that are not within the possession, custody, or control of JJCI or could be more easily obtained from a third party. JJCI further objects to this Request because it seeks documents and/or materials that are the subject of court-imposed protective orders.

REQUEST NO. 81:   All documents, files or materials that will be used to prove J&J's cross claims, if any, against any:

        a.      defendant named in the above captioned lawsuit;

        b.      bankrupt entities;

        c.      entities not named in the above captioned lawsuit.

RESPONSE:   Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "bankrupt entities" and "entities not named in the above captioned lawsuit," as vague and ambiguous. JJCI further objects to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents related to products that are not at issue in this lawsuit, JJCI further objects to this Request because it seeks discovery of documents that are neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents, files or materials" significantly outweighs the proposed discovery's

likely benefit. JJCI further objects to this Request to the extent it seeks the disclosure of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Subject to and without waiving the foregoing objections, JJCI responds as follows: Discovery has just begun. JJCI will supplement its Response to this Request at the appropriate time.

REQUEST NO. 82:    To the extent you contend that a judgment which may be entered in this action is not covered or is excluded from coverage under any insurance agreement effective during the relevant timeframe, produce any and all documents and tangible things that support your contention including, but not limited to, the express language of the insurance agreement.

RESPONSE:    Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "not covered or is excluded from coverage" or "tangible things," as vague and ambiguous. JJCI further objects to this Request because it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents and tangible things" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI is capable of paying any reasonable judgment in the present case.

REQUEST NO. 83:    Any and all documents and intangible things including but not limited to agreements and correspondence between you and an insurance archivist and/or any other individual or entity retained by you for the purpose of uncovering any insurance agreement(s) which may be liable to satisfy part or all of a judgment which may be entered in an

action, claim submitted, demand made or settlement agreement entered into, or to indemnify or reimburse for payments made to satisfy the judgment.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "intangible things," "insurance archivist," "uncovering," and "an action, claim submitted, demand made or settlement agreement entered into," and "the judgment," as vague and ambiguous. JJCI further objects to this Request because it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents and tangible things" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI is capable of paying any reasonable judgment in the present case.

REQUEST NO. 84: Any and all documents and tangible things that refer or relate to the findings of findings any such insurance archivist and/or any other individual or entity retained by you for the purpose of uncovering any insurance agreement(s), including, but not limited to, the existence of any insurance agreements.

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "tangible things," "insurance archivist," and "uncovering," as vague and ambiguous. JJCI further objects to this Request because it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "all documents and tangible things" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving

the foregoing objections, JJCI responds as follows: JJCI is capable of paying any reasonable judgment in the present case.

REQUEST NO. 85: Any and all documents and tangible things establishing that someone other than a person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment

RESPONSE: Please see JJCI's Preliminary Statement and General Objections to Plaintiff's Requests for Production. JJCI further objects to this Request, and specifically to the terms "tangible things," "establishing," "carrying on an insurance business," and "may be liable," as vague and ambiguous. JJCI further objects to this Request because it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. JJCI further objects to this Request because the burden and expense of responding to a request for "any and all documents and tangible things" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, JJCI responds as follows: JJCI is capable of paying any reasonable judgment in the present case.