# EXHIBIT 13



# CAUSE NO. 2017-86022-ASB

# BEFORE THE ASBESTOS MDL PRE-TRIAL JUDGE

| | | |
|---|---|---|
| CRISTINA LOPEZ and CARLOS LOPEZ § | | IN THE DISTRICT COURT |
| § | | |
| VS. § | | 11TH JUDICIAL DISTRICT |
| § | | |
| BRENNTAG NORTH AMERICA, INC., § | | |
| ET AL § | | HARRIS COUNTY, TEXAS |

Transferred from:

# CAUSE NO. 17-12-14067-ZCV

| | | |
|---|---|---|
| CRISTINA LOPEZ and CARLOS LOPEZ § | | IN THE DISTRICT COURT |
| § | | |
| VS. § | | 365TH JUDICIAL DISTRICT |
| § | | |
| BRENNTAG NORTH AMERICA, INC., § | | |
| ET AL § | | ZAVALA COUNTY, TEXAS |

# DEFENDANTS JOHNSON & JOHNSON CONSUMER INC. AND JOHNSON & JOHNSON'S RESPONSES TO PLAINTIFFS' REQUESTS FOR DISCLOSURE,

TO: Plaintiffs, Cristina Lopez and Carlos Lopez, by and through their attorneys of record, Mr. Jeffrey B. Simon and Darren P. McDowell, SIMON GREENSTONE PANATIER, PC, 1201 Elm Street, Suite 3400, Dallas, Texas 75270.

COME NOW Defendants Johnson & Johnson Consumer Inc. ("JJCI") and Johnson & Johnson ("J&J"), (collectively, "Defendants"), and provide their Responses to Plaintiffs' Requests for Disclosure as follows.

> Respectfully submitted,
>
> HARTLINE DACUS BARGER DREYER LLP
> 800 N. Shoreline Blvd.
> 2000 One Shoreline Plaza, North Tower
> Corpus Christi, Texas 78401
> (361) 866-8000
> (361) 866-8039 Facsimile
> Email: mterry@hdbdlaw.com

By: _____
Michael G. Terry
State Bar No. 19799800

**ATTORNEYS FOR DEFENDANTS, JOHNSON & JOHNSON CONSUMER INC. AND JOHNSON & JOHNSON**

# CERTIFICATE OF SERVICE

I, Michael G. Terry, do hereby certify that a true and correct copy of the foregoing document has been served upon all known counsel of record, by the method of service indicated below, on this the 20th day of September, 2018.

_____
MICHAEL G. TERRY

**Via File & ServeXpress:**

Mr. Jeffrey B. Simon
jsimon@sgpblaw.com
Mr. Darren P. McDowell
dmcdowell@sgpblaw.com
SIMON GREENSTONE PANATIER, PC
1201 Elm Street, Suite 3400
Dallas, Texas 75270
*Attorneys for Plaintiffs*

Mr. Donato Ramos, Jr.
donatoramosjr@ddrlex.com
LAW OFFICES OF DONATO D. RAMOS, P.L.L.C.
Texas Community Bank Building
6721 McPherson, Suite 350
Laredo, Texas 78041
*Attorneys for Plaintiffs*

All Other Known Counsel of Record

## INTRODUCTORY STATEMENT

Johnson's® Baby Powder ("JBP") and Shower to Shower®[1] ("STS") cosmetic talc products sold in the United States (collectively "JBP/STS") have been manufactured and sold at various periods of time by one or more of the Defendants and/or their predecessors, subsidiaries and affiliates (the "J&J Companies").  JJCI is currently the entity primarily responsible for the formulation, manufacture, testing, marketing and sale of Johnson's® Baby Powder.  Johnson & Johnson is a holding company that does not design, manufacture, market or sell Johnson's® Baby Powder (or any other product).[2] Accordingly, the overwhelming majority of documents and information regarding JBP/STS are in the possession of JJCI.

Johnson's® Baby Powder has been sold for over a century and continues to be sold today.  Shower to Shower® has been sold for more than half of a century, although it has not been manufactured or sold by any of the J&J Companies since 2012.  Over the many decades that JBP/STS have been sold, different entities, departments, and employees – as well as third parties – have had responsibilities for various activities pertaining to these products, including, but not limited to activities relating to formulation, manufacture, testing, marketing and sale.  Many of Plaintiffs' claims relate to such activities which took place in the mid to late 1900s and therefore many of the

---

[1] One or more of the J&J Companies (as defined herein) manufactured, marketed, and sold Shower to Shower® during the period from approximately 1960 to 2012.  In 2012, Shower to Shower® was sold to Valeant Pharmaceuticals International, Inc. ("Valeant"), which currently manufactures, markets and sells the product.

[2] For this reason, Defendants object to Plaintiffs' collective allegations against JJCI and Johnson & Johnson on the grounds that they are factually and legally incorrect and improper.  By making this response, Defendants do not concede that Johnson & Johnson is a proper defendant in this action.

individuals who were involved in or had first-hand knowledge of such activities have died or are no longer employed by any of the J&J Companies.

In connection with personal injury actions against Defendants alleging exposure to JBP/STS (including actions alleging that such exposure caused ovarian cancer, mesothelioma, or other diseases), Defendants have conducted reasonable searches at various times over the course of many years to identify, collect and produce documents that relate in a reasonably direct manner to Plaintiffs' allegations concerning JBP/STS. Although Defendants' searches generally have been broad in scope, over the last several years, Defendants have expanded their searches to take into account, among other factors, the development of the claims and defenses in talc personal injury actions, discovery requests propounded on Defendants, and the overall increase in number and scope of talc personal injury actions against Defendants. In addition, in late 2017, Defendants re-visited sources from which documents were previously collected and made additional efforts to identify documents that may not have been identified in connection with earlier searches.[3] Responsive documents identified in connection with all of the foregoing search efforts are being produced in this action, subject to the entry of a Protective Order in this action (the "Document Production").

Included within the scope of Defendants' Document Production are documents concerning the talc and talcum powder used in JBP/STS (talc mining and the fabrication and processing of talc powder, including sampling, testing and other quality control

---

[3] Because many of the documents collected in connection with the late 2017 search efforts were historic paper documents, reasonable methods of de-duplicating such documents against those previously produced are not available and, as a result, Defendants expect that many documents added to the production in connection with the late 2017 search efforts are duplicative of documents previously produced.

4

measures) as well as documents concerning the following activities and/or subject matters: research, formulation, specification, manufacture, quality control, labeling, sales, regulatory, adverse event reports, health and safety-related testing, and other consideration of health and safety issues reasonably related to JBP/STS. Also included in the Document Production are documents that may pertain to Johnson's® Baby Powder and Shower to Shower® sold outside the United States to the extent that they reasonably relate to testing regarding asbestos or ovarian cancer. Reasonable efforts also have been made to include in Defendants' Document Production documents produced by Defendants (including documents obtained from certain third parties) in all personal injury actions against Defendants involving JBP/STS.[4]

By referring Plaintiffs in certain of their Responses to the materials described above, Defendants are not stating, with respect to each and every Interrogatory or Request that they have or have had responsive information or documents, that they agree with the characterizations contained in the Interrogatories or Requests, or that all documents that may contain information responsive to each and every Interrogatory or Request are included in the materials described above. Rather, by such reference, including descriptions of what documents Defendants have a reasonable and good faith belief would be included in the Document Production, Defendants are stating that, if they have documents with responsive information, they have taken reasonable steps to identify those documents and include them in the Document Production.

---

[4] Defendants are making such documents available without waiver of their right to object to the authenticity and/or admissibility of such documents on any ground, including but not limited to, hearsay, lack of relevance and undue prejudice. To the extent that Defendants identify additional responsive documents in connection with this or other personal injury actions against Defendants involving exposure to JBP/STS, they will supplement their Document Production and make them available in this case.

5

Defendants' Document Production is in a reasonably usable, fully searchable form and Plaintiffs can identify specific documents that may be responsive to particular Interrogatories and Requests based on their own interpretation of such Interrogatories and Requests. Nevertheless, in response to certain Interrogatories and Requests that are reasonably narrow in scope and specific, Defendants have identified in their Responses by way of example Bates numbers of documents that they have a reasonable and good faith belief are responsive to such Interrogatories and Requests, based on their interpretation of those Interrogatories and Requests. Such references are not intended to be a comprehensive listing of each and every document that may be responsive to an Interrogatory or Request.

Pursuant to 193.3(d) of the Texas Rules of Civil Procedure, any production of documents or disclosure of information protected by any privilege, immunity, or doctrine, and/or any production of a confidential document or confidential information, is not intended as, and shall not be construed as, a waiver.

These Responses are made in a good faith effort to supply factual information and specify legal contentions that are presently known. Defendants reserve the right to supplement and/or amend their Responses based on information or documents discovered in connection with ongoing investigation, discovery and/or trial preparation in accordance with the Texas Rules of Civil Procedure.

# DEFENDANTS JOHNSON & JOHNSON CONSUMER INC. AND JOHNSON & JOHNSON'S RESPONSES TO REQUESTS FOR DISCLOSURE

**(a)** **The correct names of parties to the lawsuit;**

The correct names of Defendants are Johnson & Johnson Consumer Inc. ("JJCI") and Johnson & Johnson ("J&J"). Defendants are unaware of the correct legal names of other parties to this lawsuit.

**(b)** **the name, address, and telephone number of any potential parties;**

Defendants are unaware at this time of any potential parties who have not been named in Plaintiffs' Petition.

**(c)** **the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);**

Defendants' defenses are outlined in its Answer to Plaintiffs' Original Petition and any amendments filed thereto. Without waiving any defense stated therein, Defendants generally contend the following:

Defendants specifically deny that they are liable to Plaintiffs under the theories alleged by Plaintiffs or that any act or omission of Defendants was a proximate or producing cause of or contributed to (in whole or in part) the damages alleged by Plaintiffs. Defendants deny that any products to which Plaintiffs was allegedly exposed and for which Defendants are legally responsible were negligently or defectively designed, manufactured or marketed.

Defendants deny that Plaintiffs contracted any asbestos-related disease(s) as a result of exposure to asbestos while working with or around any products for which Defendants may be legally responsible.

Further, the evidence may show that the injuries and damages alleged by Plaintiffs, if any, were solely the fault of Plaintiffs or the fault of some other party or parties. Alternatively, the evidence may show that Plaintiffs or some other party or parties contributed to the injuries and damages alleged by Plaintiffs, if any. The evidence may also show that Plaintiffs failed to properly mitigate the alleged damages, if any. Defendants will seek a reduction of Plaintiffs' damages and/or its liability, if any, as a result of the above.

The evidence may also show that the claims, damages and injuries alleged by Plaintiffs was caused in whole or in part by pre-existing or subsequent medical conditions, which were unrelated to Defendants or were the result of natural and ordinary diseases of life or Plaintiffs' actions or lifestyle choices. In the alternative, the injuries and damages alleged by Plaintiffs was caused by an idiosyncratic reaction, without any negligence, defect, or actionable conduct by Defendants.

Defendants contend that Plaintiffs' evidence cannot meet the requirements of *Merrell Dow Pharmaceuticals v. Havner*, 953 S.W.2d 706 (Tex. 1997) or *E.I. du Pont de Nemours and Co. v. Robinson*, 923 S.W.2d 549 (Tex. 1995).

**(d)** **the amount and any method of calculating economic damages;**

Defendants contend that Plaintiffs have no damages for which it is responsible.

**(e)** **the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;**

Defendants do not have personal knowledge of every person with knowledge of relevant facts. Defendants state that Plaintiffs, all witnesses named or designated by Plaintiffs, all defendants, all witnesses named or designated by other defendants, co-workers of Plaintiff, family members of Plaintiff, medical personnel who have treated or examined Plaintiff, medical personnel who have reviewed records, x-rays and/or pathology of Plaintiff, and Defendants' corporate representatives may all have knowledge of relevant facts. Defendants additionally incorporate herein Defendants' witness lists, exhibit lists and designation of deposition testimony, on file or to be filed in this matter.

**(f)** **for any testifying expert:**
- (**1**) **the expert's name, address and telephone number;**
- (**2**) **the subject matter on which the expert will testify;**
- (**3**) **the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the Responding party, documents reflecting such information;**

> **(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:**
>
> > **(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and**
> >
> > **(B) the expert's current resume and bibliography;**

Defendants incorporate herein Defendants' witness lists, exhibit lists and designations of deposition testimony, on file or to be filed in this matter. Defendants do not have information regarding Plaintiffs' testifying experts or of other defendants.

**(g) any indemnity and insuring agreements described in Rule 192.3(f);**

Defendants state that the policy underlying the disclosure of insurance information is implicated where such documents would bear on the issue of a defendant's ability to satisfy a judgment. Defendants state that they have a reasonable and good faith belief that the above policy concern is unlikely to be implicated in this action.

To the extent that this Request seeks a different response, Defendants object on the grounds that it seeks information that is not relevant and/or not proportional to the needs of the case.

**(h)** **any settlement agreements described in Rule 192.3(g);**

Defendants have no discoverable settlement agreements.

**(i)** **any witness statements described in Rule 192.3(h);**

Defendants are unaware of any discoverable witness statements other than those depositions which have been or will be taken in this case.

**(j)** **in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;**

This request is not applicable to Defendants.

**(k)** **in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.**

These documents, to the extent Defendants obtain and/or possess them, will be made available to Plaintiffs for review and copying at a mutually agreeable place and time.

**(l)** **the name, address, and telephone number of any person who may be designated as a responsible third party.**

Defendants incorporate herein Defendants' motion for leave to designate responsible third parties on file or to be filed in this matter. In addition, Defendants believe that Del Monte Foods, Inc., Mrs. Lopez' former employer, is a responsible third party.