# EXHIBIT 15


E-SERVICE

61154079
Sep 22 2017
04:45PM

File & ServeXpress

ALEXANDER G. CALFO (STATE BAR NO. 152891)
*acalfo@kslaw.com*
JULIA E. ROMANO (STATE BAR NO. 260857)
*jromano@kslaw.com*
AMY P. ZUMSTEG (STATE BAR NO. 260242)
azumsteg@kslaw.com
**KING & SPALDING LLP**
633 West 5th Street, Suite 1700
Los Angeles, CA 90071
Telephone:     +1 213 443 4355
Facsimile:     +1 213 443 4310

Attorneys for Defendants
JOHNSON & JOHNSON and
JOHNSON & JOHNSON CONSUMER INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NANCY CABIBI and PHIL CABIBI,<br><br>                    Plaintiffs,<br><br>          v.<br><br>AVON PRODUCTS, INC.; et al.,<br><br>                    Defendants. | Case No. JCCP 4674 / BC665257<br><br>**DEFENDANT JOHNSON & JOHNSON'S RESPONSES TO PLAINTIFFS' LAOSD STANDARD INTERROGATORIES TO DEFENDANTS**<br><br>Action filed:   June 15, 2017<br>Trial Date:    None Yet<br><br>*[Assigned to the Honorable Steven K. Kleifield, Department 324]* |

REQUESTING PARTY:      Plaintiffs NANCY CABIBI and PHIL CABIBI

RESPONDING PARTY:      Defendant JOHNSON & JOHNSON

          Pursuant to the Court's August 11, 2014 Case Management Standing Order Regarding

Discovery in All Coordinated LAOSD Cases, Defendant JOHNSON & JOHNSON (hereinafter

"J&J" or "Defendant") responds to Plaintiffs' LAOSD Standard Interrogatories to Defendants as

follows:

/ / /

# **INTRODUCTION**

J&J's responses to these Interrogatories were prepared with the assistance of counsel and are based upon information obtained from presently existing corporate files and records and from interviews with various employees. In answering these Interrogatories, J&J has made reasonable efforts to research documents and information regarding the subject matter of the present lawsuit, but obviously each and every employee has not been contacted and questioned concerning the matters included in the Interrogatories. No single officer, employee, or agent has the personal knowledge to supply each and every answer requested. The person verifying this discovery is informed that the files, documents, and interviews referred to above do support the responses.

J&J and its attorneys have not completed discovery or preparation for trial, nor have they concluded their analysis of information gathered to date. These responses, therefore, are based upon information presently available to J&J and its attorneys and specifically known to the individuals preparing these responses. It is possible that future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and establish entirely new factual conclusions and contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein. Accordingly, J&J reserves the right, but does not assume the obligation, to modify its responses herein based upon subsequently ascertained or developed information, documentation, facts and contentions. It is also noted that persons who are not now officers, directors, employees, or representatives or managing agents of J&J may have information relevant to the subject matter of these responses. Subject to the objections asserted herein, J&J's responses are made in a good faith effort to reasonably respond to Plaintiffs' LAOSD Standard Interrogatories to Defendants based upon presently available information and documentation. These responses should not be construed to prejudice J&J's right to conduct further investigation, discovery, analysis, and/or preparation, or to limit J&J's right to utilize any additional evidence that may be developed. These responses are made without prejudice to J&J's right to provide additional evidence at the time of trial.

/ / /

DEFENDANT JOHNSON & JOHNSON'S RESPONSES TO PLAINTIFFS' LAOSD STANDARD
INTERROGATORIES TO DEFENDANTS

J&J's responses are given subject to all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require the exclusion of any statement contained herein where made by a witness present and testifying in court. All such objections and grounds therefore are reserved, and may be interposed at the time of trial.

Except for explicit facts stated herein, no incidental and/or implied admissions are intended or made by J&J in any of these responses. J&J's responses should not be construed as an admission that J&J accepts or admits any facts set forth or implied in Plaintiffs' LAOSD Standard Interrogatories to Defendants. J&J's response to any portion of these Interrogatories should not be construed as a waiver of part or all of J&J's objections thereto.

## RESPONSES TO STANDARD INTERROGATORIES

### INTERROGATORY NO. 1:

State whether or not YOU have a DOCUMENT retention policy, and if so, the last effective date of the latest version of that policy.

### RESPONSE TO INTERROGATORY NO. 1:

J&J does have a document retention policy. The latest version's effective date is April 1, 2017.

### INTERROGATORY NO. 2:

State whether YOU have a DOCUMENT REPOSITORY. If so, then state:

A.    The address of the REPOSITORY;

B.    The approximately quantity of items and/or DOCUMENTS maintained therein;

C.    Whether or not DOCUMENTS in the repository are wholly or partially maintained in an electronic format;

D.    Whether or not YOU have an index or an electronically searchable means of retrieving information regarding DOCUMENTS or items at said REPOSITORY;

E.    A brief description of the DOCUMENTS or items kept at said REPOSITORY.

/ / /

**RESPONSE TO INTERROGATORY NO. 2:**

No.

**INTERROGATORY NO. 3:**

IDENTIFY all PERSONS with information regarding YOUR responses to Interrogatory Nos. 1-2.

**RESPONSE TO INTERROGATORY NO. 3:**

J&J does not maintain a list of employees with knowledge of its latest document retention plan. If Plaintiffs have questions regarding the document retention plan, J&J requests Plaintiffs to provide the specific question to J&J's counsel so that the company can provide a more detailed response.

**INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS responsive to or referred to regarding YOUR responses to Interrogatory Nos. 1-2 sufficient to support a DOCUMENT request.

**RESPONSE TO INTERROGATORY NO. 4:**

J&J's document retention policy is entitled "Worldwide Records and Information Management Policy."

**INTERROGATORY NO. 5:**

State whether YOU are a corporation. If so, then state:

A.    YOUR correct corporate name;

B.    YOUR state of incorporation;

C.    The date of YOUR incorporation;

D.    The address of YOUR principal place of business;

E.    Whether or not YOU have ever held a certificate of authority to do business in the State of California, and if so, the inclusive dates of any such certificate;

F.    If YOU are wholly owned or the majority interest of YOUR company is owned by another business entity, state the entity's name and principal place of business;

G.    Whether YOU have any business offices in California, and if so, YOUR principal

1         place of business in California; and

2     H.     Any other name under which YOU have done business in the State of California

3         and the dates of operation under that business.

**RESPONSE TO INTERROGATORY NO. 5:**

    (A)     Johnson & Johnson

    (B)     New Jersey

    (C)     November 10, 1887

    (D)     One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933.

    (E)     No.

    (F)     Not applicable.

    (G)     No.

    (H)     Not applicable.

**INTERROGATORY NO. 6:**

    If YOU are not a corporation, then state:

    A.     The type of YOUR business structure (partnership, joint venture, sole

        proprietorship, etc.);

    B.     IDENTIFY all PERSONS with a majority ownership interest in YOU; and

    C.     The name, job title, and current address of YOUR Custodian of Records.

**RESPONSE TO INTERROGATORY NO. 6:**

    Not applicable.

**INTERROGATORY NO. 7:**

    IDENTIFY all PERSONS with information regarding YOUR responses to Interrogatory Nos. 5-6.

**RESPONSE TO INTERROGATORY NO. 7:**

    J&J does not maintain a list of employees with knowledge of its corporate structure. If Plaintiffs have questions regarding J&J's corporate structure, J&J requests Plaintiffs to provide the specific question to J&J's counsel so that the company can provide a more detailed response.

**INTERROGATORY NO. 8:**

IDENTIFY all DOCUMENTS responsive to or referred to regarding YOUR responses to Interrogatory Nos. 5-6 sufficient to support a DOCUMENT request.

**RESPONSE TO INTERROGATORY NO. 8:**

J&J does not maintain a list of documents detailing its corporate structure. If Plaintiffs provide further information regarding the specific documents they are seeking, J&J's attorneys will attempt to locate and produce responsive documents.

**INTERROGATORY NO. 9:**

Have YOU ever provided testimony in deposition or at trial in any lawsuit in ASBESTOS-related litigation? If so, then state:

     A.    The name of the case;

     B.    The state and county of filing, and associated case number(s);

     C.    the date(s) of deposition or trial testimony;

     D.    The name and address of plaintiffs' counsel of record;

     E.    The name and address of the court reporter.

**RESPONSE TO INTERROGATORY NO. 9:**

Yes.

(1A)    *Durham v. Metropolitan Life Ins. Co., Inc., et al.*

(1B)    Superior Court for the State of Delaware, New Castle County; Case No. 05c-07-136ASB

(1C)    Deposition; March 6, 2007

(1D)    Erin Farris, Baron & Budd, 3102 Oak Lawn Ave., Suite 1100, Dallas, TX.

(1E)    Gail Inghram Verbano, CSR 8635, address unknown.

(2A)    *Tina Herford, et al. v. AT&T Corp., et al.*

(2B)    Superior Court for the State of California, Los Angeles County; JJCP 4674 / Case No. 646315

(2C)    Deposition: August 15-18, 2017

(2D)   Chris Panatier, Simon Greenstone Panatier Bartlett, PC, 3232 McKinney Avenue, Suite 610, Dallas, Texas 75204.

(2E)   Deirdra Jordan, CSR unknown, address unknown.

**INTERROGATORY NO. 10:**

Do YOU have insurance available to cover judgment(s) entered against YOU or settlements with YOU in ASBESTOS-RELATED personal injury lawsuits?  If so, then state:

A.     The kind of coverage;

B.     The applicable dates of coverage;

C.     The name and address of the insurance company;

D.     The name, address, and telephone number of each named insured;

E.     The policy number;

F.     The limits of coverage for each type of coverage contained in the policy;

G.     Whether any reservation of right or controversy or coverage dispute exists between you and the insurance company; and

H.     The name, address, and telephone number of the custodian of the policy.

**RESPONSE TO INTERROGATORY NO. 10:**

J&J is self-insured for any verdict which may reasonably be awarded in this case.

**INTERROGATORY NO. 11:**

IDENTIFY all PERSONS with information regarding YOUR responses to Interrogatory No. 10.

**RESPONSE TO INTERROGATORY 11:**

J&J does not maintain a list of employees with knowledge of its insurance coverage.  If Plaintiffs have questions regarding J&J's insurance coverage, J&J requests Plaintiffs to provide the specific question to J&J's counsel so that the company can provide a more detailed response.

**INTERROGATORY NO. 12:**

IDENTIFY all DOCUMENTS responsive to or referred to regarding YOUR responses to Interrogatory No. 10 sufficient to support a DOCUMENT request.

**RESPONSE TO INTERROGATORY NO. 12:**

J&J does not maintain a list of documents detailing its insurance coverage. If Plaintiffs provide further information regarding the specific documents they are seeking, J&J's attorneys will attempt to locate and produce responsive documents.

**INTERROGATORY NO. 13:**

Have YOU ever engaged in any of the activities listed below with regard to an ASBESTOS-CONTAINING PRODUCT alleged to be at issue in this action? If so, then state the inclusive dates of such activity:

    A.    Manufacturing;

    B.    Supply;

    C.    Distribution;

    D.    Marketing;

    E.    Sale;

    F.    Labeling or relabeling;

    G.    Importing;

    H.    Brokering;

    I.    Fabricating.

**RESPONSE TO INTERROGATORY NO. 13:**

No.

**INTERROGATORY NO. 14:**

If you answered Interrogatory No. 13 in the affirmative, then state:

    A.    From where the mineral ASBESTOS, ASBESTOS fiber, or ASBESTOS materials were imported;

    B.    For how long YOU have imported mineral ASBESTOS, ASBESTOS fiber, or ASBESTOS materials;

    C.    Whether YOU have supplied mineral ASBESTOS, ASBESTOS fiber, or ASBESTOS to any of the other parties in this action since 1945:

| | |
|---|---|
| 1 | a.      Identify the time period during which such transactions took place; |
| 2 | b.      Identify the place(s) or location(s) where such transactions took place; |
| 3 | D.      Identify the content of any warnings, cautions, caveats, or directions |
| 4 | accompanying the mineral ASBESTOS, ASBESTOS fiber, or ASBESTOS |
| 5 | materials imported by YOU. |

**RESPONSE TO INTERROGATORY NO. 14:**

Not applicable.  J&J has never manufactured, marketed, or sold an asbestos-containing product.

**INTERROGATORY NO. 15:**

If YOU answered any subpart of Interrogatory No. 13 regarding ASBESTOS-CONTAINING PRODUCTS in the affirmative, then state, as to the product(s) at issue in this action:

A.      The trade, brand name, and/or generic name of each such ASBESTOS-CONTAINING PRODUCT YOU SUPPLIED in any form or quantity;

B.      The date(s) each such ASBESTOS-CONTAINING PRODUCT was first placed on the market, including the date(s) each such ASBESTOS-CONTAINING PRODUCT was first SUPPLIED.

C.      The date(s) each such ASBESTOS-CONTAINING PRODUCT ceased to be produced and/or sold and the reason(s) why such products ceased to be produced;

D.      A description of the physical appearance and nature of each such ASBESTOS-CONTAINING PRODUCT, including but not limited to, any color coding, distinctive marking and/or name, brand, logo, either on the product or on the packaging;

E.      A detailed description of the intended use of each such ASBESTOS-CONTAINING PRODUCT;

F.      Whether any such ASBESTOS-CONTAINING PRODUCT was on any U.S. Government "Qualified Products List," and if so, provide a description of the

1         Qualified Products List and the inclusive dates it was on such list;

2     G.     The name and address of the supplier of the mineral ASBESTOS, ASBESTOS

3         fiber used in YOUR ASBESTOS-CONTAINING PRODUCT(S) and the time

4         period of such supply;

5     H.     Whether any of YOUR ASBESTOS-CONTAINING PRODUCTS have, at any

6         time, been sold, shipped, or otherwise distributed to another entity (including but

7         not limited to a company, corporation, individual, or site). If so, then state:

8         1.     the names of each such entity and the inclusive dates of each such sale,

9             shipment, distribution, use, or installation; and

10         2.     the amount (volume and the trade or brand name of each ASBESTOS-

11             CONTAINING PRODUCT sold.

12 **RESPONSE TO INTERROGATORY NO. 15:**

13     Not applicable. J&J has never manufactured, marketed, or sold an asbestos-containing

14 product.

15 **INTERROGATORY NO. 16:**

16     With respect to each of YOUR ASBESTOS-CONTAINING PRODUCTS at issue in this

17 action as set for in Exhibit A, state whether YOUR name, a trademark, logo(s), color coding, or

18 other identifying markings ever appeared on the actual product itself and, if so:

19     A.     IDENTIFY each such product, state when the practice to place such identifying

20         markings upon the product was begun and when it ended, if applicable, and

21         describe in detail the pertinent marking(s) and the purpose, if any, of such

22         markings; and

23     B.     State whether YOU still have in YOUR possession, custody, or control any such

24         packaging or markings as they appeared on YOUR ASBESTOS-CONTAINING

25         PRODUCTS, the location of these items and their quantity.

26 / / /

27 / / /

28

DEFENDANT JOHNSON & JOHNSON'S RESPONSES TO PLAINTIFFS' LAOSD STANDARD
INTERROGATORIES TO DEFENDANTS

**RESPONSE TO INTERROGATORY NO. 16:**

Not applicable. J&J has never manufactured, marketed, or sold an asbestos-containing product.

**INTERROGATORY NO. 17:**

Have YOU entered into any agreements for the rebranding or resale of YOUR ASBESTOS-CONTAINING PRODUCTS, at issue in this action as set forth in Exhibit A, for sale or distribution by another person or entity? If so, then describe:

    A.      Each agreement's terms and the parties to said agreement;

    B.      The duration of the agreement;

    C.      The name of each product(s) and/or material(s) covered by each such agreement.

**RESPONSE TO INTERROGATORY NO. 17:**

Not applicable. J&J has never manufactured, marketed, or sold an asbestos-containing product.

**INTERROGATORY NO. 18:**

Have YOU entered into any agreement for the rebranding or resale of others' ASBESTOS-CONTAINING PRODUCTS, at issue in this action as set forth in Exhibit A, for sale or distribution by YOU? If so, then describe:

    A.      Each agreement's terms and the parties to said agreement;

    B.      The duration of the agreement;

    C.      The name of each product(s) and/or material(s) covered by each such agreement.

**RESPONSE TO INTERROGATORY NO. 18:**

No. J&J has never manufactured, marketed, or sold an asbestos-containing product.

**INTERROGATORY NO. 19:**

Have YOU purchased or otherwise acquired and/or sold any ASBESTOS-CONTAINING PRODUCT lines, at issue in this action as set forth in Exhibit A, to or from another person or entity? If so, then state for each such purchase:

    A.      The date of purchase or acquisition;

DEFENDANT JOHNSON & JOHNSON'S RESPONSES TO PLAINTIFFS' LAOSD STANDARD
INTERROGATORIES TO DEFENDANTS

B.      The terms of purchase or acquisition agreement;

C.      The trade, brand, and/or general name of each products line so acquired;

D.      The name of the person or entity from whom YOU purchased or acquired each such ASBESTOS-CONTAINING PRODUCT LINE; and

E.      The location of any manufacturing facilities so acquired, and the type of ASBESTOS-CONTAINING PRODUCTS manufactured therein.

**RESPONSE TO INTERROGATORY NO. 19:**

No. J&J has never manufactured, marketed, or sold an asbestos-containing product.

**INTERROGATORY NO. 20:**

IDENTIFY all PERSONS with information regarding YOUR responses to Interrogatory Nos. 13-19.

**RESPONSE TO INTERROGATORY NO. 20:**

Not applicable.  Please see J&J's responses to Interrogatory Nos. 13–19.

**INTERROGATORY NO. 21:**

IDENTIFY all DOCUMENTS responsive to or referred to regarding YOUR responses to Interrogatory Nos. 13-19 sufficient to support a DOCUMENT request.

**RESPONSE TO INTERROGATORY NO. 21:**

Not applicable.  Please see J&J's responses to Interrogatory Nos. 13–19.

**INTERROGATORY NO. 22:**

(PREMISES and CONTRACTOR Defendants only)  Did YOU install, remove, or handle, or contract to have others install, remove or handle ASBESTOS or ASBESTOS-CONTAINING PRODUCTS at any PREMISES identified on attached Exhibit B.  If so,

A.      For each of the PREMISES:

      1.      State the nature of YOUR ownership or possessory interest;

      2.      State the inclusive dates of that interest;

      3.      IDENTIFY the party from whom that interest was acquired;

      4.      IDENTIFY the party, if any, to whom that interest was transferred.

B.   IDENTIFY every contract to which YOU were a party or of which you have knowledge wherein the performance of such contract involved the installation removal, disturbing, or handling of any ASBESTOS or ASBESTOS-CONTAINING PRODUCTS at said PREMISES therein, including:

1.   The parties to the contract

2.   A general description and specific location of the WORK to be performed by each party to the contract;

3.   A description of the ASBESTOS-CONTAINING PRODUCTS installed, removed, disturbed, or handled in the performance of the contract;

4.   State the dates of the contract and the dates of performance.

C.   IDENTIFY any WORK performed by YOU or another on or to the PREMISES that involved the installation, removal, disturbing or handling of ASBESTOS-CONTAINING PRODUCTS.

1.   State the inclusive dates of the WORK;

2    Provide a general description of the WORK;

3.   As specifically as possible, IDENTIFY the location of the WORK;

4.   State whether the WORK was done by YOU and/or YOUR employees;

5.   IDENTIFY the ASBESTOS-CONTAINING PRODUCTS installed, removed, handled, or distributed;

6.   IDENTIFY from whom the ASBESTOS-CONTAINING PRODUCTS were acquired.

D.   Has any ASBESTOS abatement effort been made at the PREMISES?  If so, for each such effort:

1.   IDENTIFY who did the WORK;

2.   State the inclusive dates thereof;

3.   As specifically as possible, IDENTIFY the location of the WORK; State whether the WORK was done by YOU and/or YOUR employees;

1      4.      State whether the WORK was done by YOU and/or YOUR employees;

2      5.      IDENTIFY each test result with sufficient particularity for purposes of a

3              request for production of DOCUMENTS, or in the alternative, attach a

4              copy to YOUR answers to these interrogatories.

5  **RESPONSE TO INTERROGATORY NO. 22:**

6      Not applicable.

7  **INTERROGATORY NO. 23:**

8      (PREMISES and CONTRACTOR Defendants only) At any time between 1930 and 1985,

9  did YOU hold a contractor's license in the State of California?  If so:

10     A.      IDENTIFY each license by type, date, and number;

11     B.      IDENTIFY each job or contract that YOU performed (directly or through one or

12             more contractors) during this time period for WORK in any premise or location

13             listed in Exhibit B:

14             1.      IDENTIFY the location (including name of ship, if applicable) where the

15     job or WORK was performed;

16             2.      State the date of the contract or the inclusive dates of the WORK;

17             3.      IDENTIFY the person or entity with whom you contracted;

18             4.      State YOUR job or contract number.

19  **RESPONSE TO INTERROGATORY NO. 23:**

20     Not applicable.

21  **INTERROGATORY NO. 24:**

22     (PREMISES and CONTRACTOR Defendants only)  Have YOU been cited for, or

23  otherwise charged by, a public agency with a violation of any statute, ordinance, safety order,

24  regulation, or law pertaining to ASBESTOS exposure at any premises identified in Exhibit B?  If

25  so, for each occasion, IDENTIFY:

26     A.      The citation;

27     B.      The code section, safety order, statute, or regulation on which the charge or

28

1               citation was based;

2        C.     The date(s) thereof;

3        D.     The agency or other governmental unit which issued the citation or otherwise

4 made the charge;

5        E.     ALL PERSONS known to YOU with information relevant to the incident; The

6 ultimate resolution of the citation or charge.

7        F.     The ultimate resolution of the citation or charge.

8 **RESPONSE TO INTERROGATORY NO. 24:**

9      Not applicable.

10 **INTERROGATORY NO. 25:**

11      IDENTIFY all PERSONS with information regarding YOUR responses to Interrogatory

12 Nos. 22-24.

13 **RESPONSE TO INTERROGATORY NO. 25:**

14      Not applicable.

15 **INTERROGATORY NO. 26:**

16      IDENTIFY all DOCUMENTS responsive to or referred to regarding YOUR responses to

17 Interrogatory Nos. 22-24 sufficient to support a DOCUMENT request.

18 **RESPONSE TO INTERROGATORY NO. 26:**

19      Not applicable.

20 **INTERROGATORY NO. 27:**

21      Did YOU ever warn of any health hazards of ASBESTOS?  If so, for each such warning,

22 then state:

23        A.     The content, size, color, and location of the warning (including but not limited to

24                 whether the warning appeared on the material and/or on the container, and/or was

25                 placed on a tag; whether the warning was included in contracts or whether the

26                 warning was included in brochures, catalogs, advertising or other promotional

27                 materials);

28

1    B.    Whether YOU have any photographs or images thereof;

2    C.    The inclusive dates on which each such warning was used; and

3    D.    All changes made to each warning and the dates of such changes.

4    **RESPONSE TO INTERROGATORY NO. 27:**

5    Not applicable.  J&J has never manufactured, marketed, or sold an asbestos-containing

6    product.

7    **INTERROGATORY NO. 28:**

8    State all facts regarding when YOU first became aware of the association between

9    ASBESTOS exposure and disease, then IDENTIFY:

10    A.    All PERSONS with information regarding YOUR response; and

11    B.    All DOCUMENTS responsive to this interrogatory.

12    **RESPONSE TO INTERROGATORY NO. 28:**

13    Not applicable.  J&J has never manufactured, marketed, or sold an asbestos-containing

14    product.

15    **INTERROGATORY NO. 29:**

16    State all facts regarding how YOU first became aware that there is an association

17    between ASBESTOS exposure and disease, then IDENTIFY:

18    A.    All PERSONS with information regarding YOUR response; and

19    B.    All DOCUMENTS responsible to this interrogatory.

20    **RESPONSE TO INTERROGATORY NO. 29:**

21    Not applicable.  J&J has never manufactured, marketed, or sold an asbestos-containing

22    product.

23    **INTERROGATORY NO. 30:**

24    Have YOU ever conducted or sponsored or contributed financially to any studies or

25    research regarding the exposure or release of ASBESTOS?  If so, then state:

26    A.    The date, location, and PERSONS who undertook the study or test;

27    B.    The results and conclusions of each test and/or experiment; and

28
DEFENDANT JOHNSON & JOHNSON'S RESPONSES TO PLAINTIFFS' LAOSD STANDARD
INTERROGATORIES TO DEFENDANTS

1      C.     Whether YOU made any design changes as a result of such tests, including:

2          1.     The nature of the change made; and

3          2.     Whether YOU have any written memoranda or documentation relating to

4               the studies or tests including a description of such material.

5  **RESPONSE TO INTERROGATORY NO. 30:**

6      Since there is no evidence to support any of the claims made by Plaintiffs against J&J,

7  this interrogatory is presently irrelevant.  J&J will supplement its response if Plaintiffs provide

8  relevant evidence regarding their claims.

9  **INTERROGATORY NO. 31:**

10      IDENTIFY the organization, groups, inter-company or industries organizations, their

11  committees or subcommittees, to which YOU belong which conducted studies or researched

12  relationships, if any, between exposure to ASBESTOS and asbestosis, mesothelioma, lung

13  cancer, or other diseases from 1945 to 1980 and the years of your membership.

14  **RESPONSE TO INTERROGATORY NO. 31:**

15      Not applicable.  J&J has never manufactured, marketed, or sold an asbestos-containing

16  product.

17  **INTERROGATORY NO. 32:**

18      IDENTIFY all PERSONS with information regarding YOUR responses to Interrogatory

19  Nos. 30-31.

20  **RESPONSE TO INTERROGATORY NO. 32:**

21      Please see J&J's response to Interrogatory Nos. 30–31.

22  **INTERROGATORY NO. 33:**

23      IDENTIFY all DOCUMENTS responsive to or referred to regarding YOUR responses to

24  Interrogatory Nos. 30-31 sufficient to support a DOCUMENT request.

25  **RESPONSE TO INTERROGATORY NO. 33:**

26      Please see J&J's response to Interrogatory Nos. 30–31.

27  / / /

28

DEFENDANT JOHNSON & JOHNSON'S RESPONSES TO PLAINTIFFS' LAOSD STANDARD
INTERROGATORIES TO DEFENDANTS

**INTERROGATORY NO. 34:**

Did YOU ever warn YOUR employees that exposure to ASBESTOS could be hazardous to human health? If so, then state:

     A.     The date the warning(s) was/were given;

     B.     Whether the first such warning was written or oral; and

     C.     The content of the warning(s).

**RESPONSE TO INTERROGATORY NO. 34:**

Not applicable. J&J has never manufactured, marketed, or sold an asbestos-containing product.

**INTERROGATORY NO. 35:**

State whether any of YOUR ASBESTOS-CONTAINING PRODUCTS, at issue in this action as set for in Exhibit A, were provided with any special instructions, oral or written, in regard to utilizing said products in a manner so as to avoid exposing workers to amounts of dust. If so, then state:

     A.     When these instructions were given;

     B.     By whom these instructions were given;

     C.     Whether the instructions were oral or written; andD.The precise content of the instructions.

**RESPONSE TO INTERROGATORY NO. 35:**

Not applicable. J&J has never manufactured, marketed, or sold an asbestos-containing product.

**INTERROGATORY NO. 36:**

When did YOU first receive notice that any PERSON, including any employee or agent, claimed injury as a result of exposure to ASBESTOS or ASBESTOS-CONTAINING PRODUCTS SUPPLIED by YOU? In answering this interrogatory, state:

     A.     The name and address of the claimant;

     B.     A description of the claim, e.g., Worker's Compensation, products liability, etc.;

1    C.    The type of injuries allegedly sustained;

2    D.    The name and address of the attorney who represented the individual making such

3          claim;

4    E.    The style and court number of the claim, if any; and

5    F.    The resolution of the claim.

6    **RESPONSE TO INTERROGATORY NO. 36:**

7          Not applicable.  J&J has never manufactured, marketed, or sold an asbestos-containing

8    product.  J&J has been named as a defendant in some cases that initially alleged injury related to

9    alleged asbestos exposure in J&J's talc.  However, in such instances, J&J has been either

10   dismissed voluntarily by the plaintiffs or dismissed by the court at some point in the progression

11   of the case.

12   **INTERROGATORY NO. 37:**

13         IDENTIFY all PERSONS with information regarding YOUR responses to Interrogatory

14   Nos. 34-36.

15   **RESPONSE TO INTERROGATORY NO. 37:**

16         Not applicable.  Please see J&J's response to Interrogatory Nos. 34–36.

17   **INTERROGATORY NO. 38:**

18         IDENTIFY all DOCUMENTS responsive to or referred to regarding YOUR responses to

19   Interrogatory Nos. 34-36 sufficient to support a DOCUMENT request.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

DEFENDANT JOHNSON & JOHNSON'S RESPONSES TO PLAINTIFFS' LAOSD STANDARD
INTERROGATORIES TO DEFENDANTS

**RESPONSE TO INTERROGATORY NO. 38:**

Not applicable. Please see J&J's response to Interrogatory Nos. 34–36.

DATED: September 22, 2017

KING & SPALDING LLP

By: _____

Alexander G. Calfo
Julia E. Romano
Amy P. Zumsteg
Attorneys for Defendants
JOHNSON & JOHNSON and
JOHNSON & JOHNSON CONSUMER
INC.

DEFENDANT JOHNSON & JOHNSON'S RESPONSES TO PLAINTIFFS' LAOSD STANDARD
INTERROGATORIES TO DEFENDANTS

**VERIFICATION TO FOLLOW**

# PROOF OF SERVICE

*Nancy Cabibi and Phil Cabibi v. Avon Products, Inc., et al.*
LASC Case No. JCCP 4674 / BC666257

I, the undersigned, declare:  I am a citizen of the United States, over 18 years of age and not a party to the within action.  I am employed in the County of Los Angeles, State of California; my business address is 633 W. 5th Street, Suite 1700, Los Angeles, CA 90071.

On the date specified below, I served a copy of the foregoing document described as:

**DEFENDANT JOHNSON & JOHNSON'S RESPONSES TO PLAINTIFFS' LAOSD STANDARD INTERROGATORIES TO DEFENDANTS**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**[ X ]    BY ELECTRONIC SERVICE VIA FILE & SERVEXPRESS:** File & ServeXpress for service on all counsel of record by electronic service pursuant to the Order Authorizing Electronic Service and pursuant to California Code of Civil Procedure § 1010.6 and California Rules of Court 2060(c).  The transmission was reported as complete without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 22, 2017, at Los Angeles, California.

Brigette S. Price

DEFENDANT JOHNSON & JOHNSON'S RESPONSES TO PLAINTIFFS' LAOSD STANDARD
INTERROGATORIES TO DEFENDANTS