# EXHIBIT 16

Jack N. Frost, Jr. (025312005)
Stephen R. Long (028811980)
**DRINKER BIDDLE & REATH LLP**
A Delaware Limited Liability Partnership
600 Campus Drive
Florham Park, New Jersey 07932-1047
Tel. 973-549-7000
Attorneys for Defendants
Johnson & Johnson and
Johnson & Johnson Consumer Inc.

| | |
|---|---|
| D'ANGELA M. MCNEILL-GEORGE, <br><br> Plaintiff, <br><br> vs. <br><br> BRENNTAG NORTH AMERICA, INC., et al., <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MIDDLESEX COUNTY <br> DOCKET NO: MID-L-7049-16 AS <br><br> CIVIL ACTION <br> ASBESTOS LITIGATION <br><br> **JOHNSON & JOHNSON, AND JOHNSON & JOHNSON CONSUMER INC. ANSWERS TO REQUEST FOR ADMISSIONS, SUPPLEMENTAL INTERROGATORIES RELATED TO CROSS CLAIMS, APPORTIONMENT AND CLAIMED EXPOSURES, EXPERT INTERROGATORIES AND DEMAND FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc., f/k/a Johnson & Johnson Consumer Companies, Inc. (collectively, the "Johnson & Johnson Defendants"), by and through their attorneys, hereby answers Plaintiffs' Requests for Admissions, Interrogatories, and Requests for Production stating as follows:

## PRELIMINARY STATEMENT AND GENERAL
## OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSION

1.      The information contained in these answers is provided pursuant to the applicable rules regarding discovery.  These answers are made without waiving or intending to waive: (i) any objections as to the competence, relevance, materiality, privilege, or admissibility as evidence, for any purpose, information or documents produced in response to these Requests for

Admissions; (ii) the right to object on any ground to the use of the documents or information produced in response to these Requests for Admissions at any hearings or at trial; (iii) the right to object on any ground at any time for further answers to the Requests for Admissions; or (iv) the right at any time to revise, correct, supplement, or clarify any of the answers contained herein.

2.     The Johnson & Johnson Defendants object to the purported time frames covered by these Requests for Admissions because they are overly broad, unduly burdensome, and unreasonable because they seek information that, in substantial part, are not relevant to this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.

3.     The Johnson & Johnson Defendants have not completed their investigation and discovery relating to this matter.  Given the substantial fact investigation required and the extensive volume of documents and electronic data that must be reviewed, answers are provided herein without prejudice to the Johnson & Johnson Defendants' right to amend or to supplement. The specific answers set forth below and any production made pursuant to the answers are based upon, and necessarily limited by, information now reasonably available to the Johnson & Johnson Defendants.

4.     The Johnson & Johnson Defendants further object generally to the Requests for Admissions to the extent they seek information and/or materials that are protected by the attorney-client privilege, the consulting expert witness privilege, the attorney work-product doctrine, joint defense privilege, as trial preparation material, and/or any other applicable privilege or immunity from discovery.  To the extent that any such protected documents or information are inadvertently produced in response to these Requests for Admissions, the production of such documents or information shall not constitute a waiver of any right to assert the applicability of any privilege or immunity to the documents or information, and any such documents or information shall be returned to the Johnson & Johnson Defendants' counsel immediately upon discovery thereof.

5.     The Johnson & Johnson Defendants further object to these Requests for Admissions on the grounds that they seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence, in part, to the extent that they seek information inconsistent with Plaintiffs' allegations of exposure to any products allegedly manufactured by the Johnson & Johnson Defendants or premises allegedly owned by the Johnson & Johnson Defendants

6.     The Johnson & Johnson Defendants further object to these Requests for Admissions to the extent that they prematurely seek expert discovery other than as provided by the New Jersey Rules of Court and any other applicable case management order(s), scheduling order(s), or pretrial order(s).

7.     The Johnson & Johnson Defendants object to these Requests for Admissions as argumentative because they require the adoption of assumption, which is improper.

8.     The Johnson & Johnson Defendants object to these Requests for Admissions, and specifically to the terms "asbestos" and "asbestos-containing product," as vague and ambiguous to the extent they fail to distinguish between raw asbestos, asbestos contained in different types

of products or product components, and/or different types of asbestos fibers. The Johnson & Johnson Defendants never mined raw asbestos or manufactured any asbestos-containing products.

9.     The Johnson & Johnson Defendants hereby incorporates the foregoing Preliminary Statement and General Objections into each and every one of the following answers. The objections asserted in the Preliminary Statement and General Objections may be restated in individual answers for emphasis, but such restatement does not negate the incorporation of these objections to each of the following answers.

## REQUESTS FOR ADMISSION

REQUEST NO. 1:     This defendant was aware of the dangers of asbestos exposure to end product users during the time frame that plaintiff alleges exposure to asbestos.

RESPONSE:  Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "aware," "dangers," "asbestos exposure," and "end product users," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit.  To the extent the Request seeks information regarding products that are not at issue in this lawsuit or injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 2:     This defendant was aware of the dangers of asbestos exposure to bystanders during the time frame that plaintiff alleges exposure to asbestos.

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "aware," "dangers," "asbestos exposure," and "bystanders," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is

not limited in scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit or injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 3: This defendant was not aware of the threshold limit value for asbestos-containing dust during the time it sold its talcum powder products.

      a. If defendant denies this request, please state all facts the defendant relies upon as a basis for this denial.

      b. Attach hereto copies of all documents this defendant has in its possession that serve as a basis of defendant's denial.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "aware," "threshold limit value," "asbestos-containing dust," and "talcum powder products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 4:    This defendant did not rely upon the threshold limit value for asbestos-containing dust as a basis for not placing a warning on its talcum powder products.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "rely upon," "threshold limit value," "asbestos-containing dust," "basis," "warning," and "talcum powder products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants did not provide a warning about asbestos on the product(s) that are at issue in this lawsuit because the Johnson & Johnson Defendants' products did not contain asbestos.

REQUEST NO. 5:    This defendant was not aware of the article by Fleischer and Drinker during the time it sold talcum powder products.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "aware," "the article by Fleischer and Drinker," and "talcum powder products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant

to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 6:    This defendant did not rely upon the articles by Fleischer and Drinker in any way as a basis for not placing a warning on the talcum powder products that it sold.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "rely upon," "the articles by Fleischer and Drinker," "warning," and "talcum powder products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.  To the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants did not provide a warning about asbestos on the product(s) that are at issue in this lawsuit because the Johnson & Johnson Defendants' products did not contain asbestos.

REQUEST NO. 7:    This defendant conducted no research to determine whether the talcum powder products it sold were capable of causing harm to the consumer.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "talcum powder products," "capable," and "causing harm," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit.  To the extent the Request seeks information regarding products that are not at issue in this lawsuit or injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this

lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: Denied.

REQUEST NO. 8:    This defendant conducted no tests to determine whether the use of the talcum powder products it sold would release dust in excess of the threshold limit value for asbestos-containing dust.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "use," "talcum powder products," "release dust," "threshold limit value," and "asbestos-containing dust," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 9:    This defendant conducted no tests to determine whether the talcum powder products it sold contained asbestos fibers and would release asbestos dust in excess of the threshold limit value for asbestos-containing dust.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "talcum powder products," "asbestos fibers," "release," "asbestos dust" "threshold limit value," and "asbestos-containing dust," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Request seeks information regarding

products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: Denied.

REQUEST NO. 10: This defendant conducted no tests to determine if talcum powder products it sold released asbestos-containing dust into the atmosphere.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "talcum powder products," "asbestos-containing dust," and "atmosphere," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 11: This defendant conducted no tests at its manufacturing facilities to determine if the talcum powder products it sold released asbestos-containing dust into the atmosphere during their packaging.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "manufacturing facilities," "talcum powder products," "released," "asbestos-containing dust," "atmosphere," and "packaging," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the

products at issue in this lawsuit, or to Plaintiff's alleged exposure. To the extent the Request seeks information regarding products that are not at issue in this lawsuit or to alleged exposures that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 12: This defendant conducted no tests at its manufacturing facilities to determine if the talcum powder products it sold released asbestos-containing dust into the atmosphere during their blending.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "manufacturing facilities," "talcum powder products," "released," "asbestos-containing dust," "atmosphere," and "blending," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to Plaintiff's alleged exposure. To the extent the Request seeks information regarding products that are not at issue in this lawsuit or to alleged exposures that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 13: This defendant conducted no tests to determine whether the use of the talcum powder products it sold would release dust that contained respirable asbestos fibers.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson

Defendants further object to this Request, and specifically to the terms "talcum powder products," "release," "dust," and "respirable asbestos fibers," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 14: This defendant conducted no tests to determine whether the cleanup of the talcum powder products it sold would release dust that contained respirable asbestos fibers.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "cleanup," "talcum powder products," "release," "dust," and "respirable asbestos fibers," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 15: This defendant conducted no research to determine the amount of asbestos that could be inhaled from using the talcum powder products it sold.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "amount of asbestos," "inhaled," "using," and "talcum powder products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 16: This defendant conducted no research to determine the amount of asbestos that could be inhaled from the cleanup of the talcum powder products it sold.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "amount of asbestos," "inhaled," "cleanup," and "talcum powder products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 17:   None of the talcum powder products sold by this defendant ever warned that the products were capable of causing cancer.

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "talcum powder products," "warned," "capable of causing," and "cancer," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit.  To the extent the Request seeks information regarding products that are not at issue in this lawsuit or to injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.  Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants did not provide a warning about "cancer" on the product(s) that are at issue in this lawsuit because the Johnson & Johnson Defendants' products do not cause "cancer."

REQUEST NO. 18:   None of the talcum powder products sold by this defendant ever warned that the products were capable of causing mesothelioma.

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "talcum powder products," "warned," and "capable of causing," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.  To the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant

to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants did not provide a warning about mesothelioma on the product(s) that are at issue in this lawsuit because the Johnson & Johnson Defendants' products do not cause mesothelioma.

REQUEST NO. 19:   None of the talcum powder products sold by this defendant ever warned that the products were capable of causing death.

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "talcum powder products," "warned," and "capable of causing," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit.  To the extent the Request seeks information regarding products that are not at issue in this lawsuit or to injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.  Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants did not provide a warning about mesothelioma on the product(s) that are at issue in this lawsuit because the Johnson & Johnson Defendants' products do not cause death when used as intended.

REQUEST NO. 20:   This defendant never warned the consumer that family members who lived in the consumer's household were at risk for developing cancer if the consumer cleaned up talcum powder products in the household that were sold by this defendant.

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "warned," "at risk," "cancer," "cleaned up," and "talcum powder products," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit.  To the extent the Request seeks information regarding products that are not at issue in this lawsuit or to injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.   Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants did not provide a warning about "cancer" on the product(s) that are at issue in this lawsuit because the Johnson & Johnson Defendants' products do not cause "cancer."

REQUEST NO. 21:   This defendant never warned the consumer that family members were at risk for developing mesothelioma if asbestos fibers were released into the air and inhaled while using the talcum powder products sold by this defendant.

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "warned," "at risk," "asbestos fibers," "released" "inhaled," and "talcum powder products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.  To

the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants did not provide a warning about mesothelioma on the product(s) that are at issue in this lawsuit because the Johnson & Johnson Defendants' products do not cause mesothelioma.

REQUEST NO. 22: This defendant never warned the consumer that family members were at risk for developing cancer if asbestos fibers were inhaled by a bystander during the use of the asbestos-containing products sold by this defendant.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "warned," "at risk," "asbestos fibers," "inhaled," "bystander," and "talcum powder products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit or to injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants did not provide a warning about "cancer" on the product(s) that are at issue in this lawsuit because the Johnson & Johnson Defendants' products do not cause "cancer."

REQUEST NO. 23:   This defendant never employed an industrial hygienist to determine whether the talcum powder it sold released asbestos containing dust into the atmosphere during cleanup.

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "industrial hygienist," "talcum powder," "released," "asbestos containing dust," "atmosphere," and "cleanup," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, or to the products at issue in this lawsuit.   To the extent the Request seeks information regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   The Johnson & Johnson Defendants further object to Plaintiffs' characterization of the Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 24:   This defendant is aware of no information proving that the asbestos containing product sold by any entity other than this defendant was a substantial contributing factor in causing the plaintiff's injury.

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Admission. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "asbestos containing product" and "substantial contributing factor," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.   The Johnson & Johnson Defendants further object to this Request to the extent that it prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and any other applicable case management order(s), scheduling order(s), or pretrial order(s).

## PRELIMINARY STATEMENT AND GENERAL
## OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL INTERROGATORIES

1.      The information contained in these answers is provided pursuant to the applicable rules regarding discovery.  These answers are made without waiving or intending to waive: (i) any objections as to the competence, relevance, materiality, privilege, or admissibility as evidence, for any purpose, information or documents produced in response to these Interrogatories; (ii) the right to object on any ground to the use of the documents or information produced in response to these Interrogatories at any hearings or at trial; (iii) the right to object on any ground at any time for further answers to the Interrogatories; or (iv) the right at any time to revise, correct, supplement, or clarify any of the answers contained herein.

2.      The Johnson & Johnson Defendants object to the purported time frames covered by these Interrogatories because they are overbroad, unduly burdensome, and unreasonable because they seek information and documents that, in substantial part, are not relevant to this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.

3.      The Johnson & Johnson Defendants have not completed its investigation and discovery relating to this matter.  Given the substantial fact investigation required and the extensive volume of documents and electronic data that must be reviewed, answers are provided herein without prejudice to the Johnson & Johnson Defendants' right to amend or to supplement. The specific answers set forth below and any production made pursuant to the answers are based upon, and necessarily limited by, information now reasonably available to the Johnson & Johnson Defendants.

4.      The Johnson & Johnson Defendants further object to these Interrogatories to the extent they require the disclosure of confidential, proprietary, or trade-secret information.  The Johnson & Johnson Defendants will not produce any documents containing confidential information unless and until the Court has entered an appropriate Protective Order in this case.

5.      The Johnson & Johnson Defendants further object generally to the Interrogatories to the extent they seek information and/or materials that are protected by the attorney-client privilege, the consulting expert witness privilege, the attorney work-product doctrine, joint defense privilege, as trial preparation material, and/or any other applicable privilege or immunity from discovery.  To the extent that any such protected documents or information are inadvertently produced in response to these Interrogatories, the production of such documents or information shall not constitute a waiver of any right to assert the applicability of any privilege or immunity to the documents or information, and any such documents or information shall be returned to the Johnson & Johnson Defendants' counsel immediately upon discovery thereof.

6.      The Johnson & Johnson Defendants further object to these Interrogatories to the extent they seek documents, writings, records, or publications that are in the public domain because such information is equally available to Plaintiffs.

7.      The Johnson & Johnson Defendants further object to these Interrogatories on the grounds that they seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence, in part, to

the extent that they seek information inconsistent with Plaintiffs' allegations of exposure to any products allegedly manufactured by the Johnson & Johnson Defendants or premises allegedly owned by the Johnson & Johnson Defendants

8.      The Johnson & Johnson Defendants further object to these Interrogatories to the extent that they prematurely seek expert discovery other than as provided by the New Jersey Rules of Court and any other applicable case management order(s), scheduling order(s), or pretrial order(s).

9.      The Johnson & Johnson Defendants object to these Interrogatories on the grounds that they are premature and purport to shift the burden of establishing product identification from Plaintiffs to the Johnson & Johnson Defendants.

10.     The Johnson & Johnson Defendants object to these Interrogatories as argumentative because they require the adoption of assumption, which is improper.

11.     The Johnson & Johnson Defendants object to these Interrogatories, and specifically to the terms "asbestos" and "asbestos-containing product," as vague and ambiguous to the extent they fail to distinguish between raw asbestos, asbestos contained in different types of products or product components, and/or different types of asbestos fibers. The Johnson & Johnson Defendants never mined raw asbestos or manufactured any asbestos-containing products.

12.     The Johnson & Johnson Defendants hereby incorporates the foregoing Preliminary Statement and General Objections into each and every one of the following answers. The objections asserted in the Preliminary Statement and General Objections may be restated in individual answers for emphasis, but such restatement does not negate the incorporation of these objections to each of the following answers.

## SUPPLEMENTAL INTERROGATORIES

INTERROGATORY NO. S1:    Please set forth all parties to this lawsuit that this defendant alleges are responsible for the plaintiff or plaintiff's decedent's injuries. For each such party set forth:

    a)      The factual basis for this defendant's allegation that each such other party is responsible for the plaintiff's injuries.

    b)      All evidence this defendant relies upon to support its allegation that a party other than this defendant is responsible for the plaintiff's injuries. If this defendant relies upon any documents or deposition testimony to support its allegation that a party other than this defendant is responsible

for the plaintiff's injuries, please attach hereto copies of such documents or deposition testimony.

c)      All experts this defendant relies upon to support its allegation that a party other than this defendant is responsible for the plaintiff's injuries. Please supply copies of all expert reports supporting this defendant's allegation that a party other than this defendant is responsible for the plaintiff's injuries.

d)      The name and address of each witness that defendant relies upon to support this defendant's allegation that a party other than this defendant is responsible for the plaintiff's injuries and a summary of what each witness is expected to testify to if called as a witness in this case.

ANSWER:      Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Supplemental Interrogatories. The Johnson & Johnson Defendants further object to this Interrogatory, and specifically to the terms "responsible for," "injuries," and "relies upon," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Interrogatory to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.  The Johnson & Johnson Defendants further object to this Interrogatory to the extent the Interrogatory prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court.  The Johnson & Johnson Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent this Interrogatory attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court.  The Johnson & Johnson Defendants further objects to this Interrogatory because the Interrogatory, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs.  The Johnson & Johnson Defendants further object to this Interrogatory on the grounds that it is premature and purports to shift the burden of establishing the elements of Plaintiffs' lawsuit from Plaintiffs to the Johnson & Johnson Defendants.

INTERROGATORY NO. S2:    Please set forth all parties to this lawsuit that this defendant asserts a claim against for contribution.

ANSWER:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Supplemental Interrogatories. The Johnson & Johnson Defendants further object to this Interrogatory to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges. The Johnson & Johnson Defendants further object to this Interrogatory to the extent the Interrogatory prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court. The Johnson & Johnson Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent this Interrogatory attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court. The Johnson & Johnson Defendants further objects to this Interrogatory because the Interrogatory, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs.

INTERROGATORY NO. S3:    For each party to this lawsuit that this defendant asserts a contribution claim against, please set forth:

a)    The factual basis for each contribution claim.

b)    All evidence this defendant relies upon to support its contribution claim. If this defendant relies upon any documents or deposition testimony to support its contribution claim, please attach hereto copies of such documents or deposition testimony.

c)    All experts this defendant relies upon to support its contribution claim. Please supply copies of all expert reports supporting this defendant's claim for contribution.

d)    The name and address of each witness that defendant relies upon to support this defendant's claim for contribution and a summary of what each witness is expected to testify to if called as a witness in this case.

ANSWER:     Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Supplemental Interrogatories. The Johnson & Johnson Defendants further object to this Interrogatory, and specifically to the term "relies upon," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Interrogatory to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.  The Johnson & Johnson Defendants further object to this Interrogatory to the extent the Interrogatory prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court.  The Johnson & Johnson Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent this Interrogatory attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court.  The Johnson & Johnson Defendants further objects to this Interrogatory because the Interrogatory, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs.  The Johnson & Johnson Defendants further object to this Interrogatory on the grounds that it is premature and purports to shift the burden of establishing the elements of Plaintiffs' lawsuit from Plaintiffs to the Johnson & Johnson Defendants.

INTERROGATORY NO. S4:     Please set forth all parties to this lawsuit that this defendant asserts a claim against for indemnification.

ANSWER:     Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Supplemental Interrogatories. The Johnson & Johnson Defendants further object to this Interrogatory to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.  The Johnson & Johnson Defendants further object to this Interrogatory to the extent the Interrogatory prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court.  The Johnson & Johnson Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent this Interrogatory attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New

Jersey Rules of Court.  Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: None.

INTERROGATORY NO. S5:     For each party to this lawsuit that this defendant asserts a indemnification claim against, please set forth:

a)     The factual basis for each indemnification claim.

b)     All evidence this defendant relies upon to support its indemnification claim. If this defendant relies upon any documents or deposition testimony to support its indemnification claim, please attach hereto copies of such documents or deposition testimony.

c)     All experts this defendant relies upon to support its indemnification claim. Please supply copies of all expert reports supporting this defendant's claim for indemnification.

d)     The name and address of each witness that defendant relies upon to support this defendant's claim for indemnification and a summary of what each witness is expected to testify to if called as a witness in this case.

ANSWER:     Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Supplemental Interrogatories. The Johnson & Johnson Defendants further object to this Interrogatory, and specifically to the term "relies upon," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Interrogatory to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.  The Johnson & Johnson Defendants further object to this Interrogatory to the extent the Interrogatory prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court.  The Johnson & Johnson Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent this Interrogatory attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court.  The Johnson & Johnson Defendants further objects to this Interrogatory because the Interrogatory, as phrased, seeks

information that is in the public domain and therefore are equally available to Plaintiffs. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: Please see the Johnson & Johnson Defendants' Response to Plaintiffs' Interrogatory No. S5, which is hereby incorporated by reference as if fully set forth herein.

INTERROGATORY NO. S6:     Please set forth the name and identity of all non parties that this defendant alleges are responsible for the plaintiff's injuries. For each such entity set forth:

    a)    The factual basis for this defendant's claim that each such other non party is responsible for the plaintiff's injuries.

    b)    All evidence this defendant relies upon to support its claim that a non party is responsible for the plaintiff's injuries. If this defendant relies upon any documents or deposition testimony to support its claim that a non party is responsible for the plaintiff's injuries, please attach hereto copies of such documents or deposition testimony.

    c)    All experts this defendant relies upon to support its claim that a non party is responsible for the plaintiff's injuries. Please supply copies of all expert reports supporting this defendant's claim that a non party is responsible for the plaintiff's injuries.

    d)    The name and address of each witness that defendant relies upon to support this defendant's claim that a non party is responsible for the plaintiff's injuries and a summary of what each witness is expected to testify to if called as a witness in this case.

ANSWER:     Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Supplemental Interrogatories. The Johnson & Johnson Defendants further object to this Interrogatory, and specifically to the terms "responsible for," "injuries," and "relies upon," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Interrogatory to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable

privileges. The Johnson & Johnson Defendants further object to this Interrogatory to the extent the Interrogatory prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court. The Johnson & Johnson Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent this Interrogatory attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court. The Johnson & Johnson Defendants further objects to this Interrogatory because the Interrogatory, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs. The Johnson & Johnson Defendants further object to this Interrogatory on the grounds that it is premature and purports to shift the burden of establishing the elements of Plaintiffs' lawsuit from Plaintiffs to the Johnson & Johnson Defendants.

INTERROGATORY NO. S7: If this defendant alleges that plaintiff or plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the plaintiff's Complaint and answer to standard interrogatory 1-6, please set forth:

a) The factual basis for this defendant's assertion that plaintiff or plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the plaintiff's Complaint and answer to standard interrogatory 1-6.

b) All evidence this defendant relies upon to support its assertion that plaintiff or plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the plaintiff's Complaint and answer to standard interrogatory 1-6. If this defendant relies upon any documents or deposition testimony to support its assertion that plaintiff or plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the plaintiff's Complaint and answer to standard interrogatory 1-6, please attach hereto copies of such documents or deposition testimony.

c) All experts this defendant relies upon to support its assertion that plaintiff or plaintiff's decedent was injured as a result of exposure to asbestos from

a source other than as alleged in the plaintiff's Complaint and answer to standard interrogatory 1-6. Please supply copies of all expert reports supporting this defendant's assertion that plaintiff or plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the plaintiff's Complaint and answer to standard interrogatory 1-6.

d)      The name and address of each witness that defendant relies upon to support this defendant's assertion that plaintiff or plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the plaintiff's Complaint and answer to standard interrogatory 1-6 and a summary of what each witness is expected to testify to if called as a witness in this case.

ANSWER:      Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Supplemental Interrogatories. The Johnson & Johnson Defendants further object to this Interrogatory, and specifically to the terms "exposure to asbestos" and "relies upon," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Interrogatory to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.   The Johnson & Johnson Defendants further object to this Interrogatory to the extent the Interrogatory prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court.   The Johnson & Johnson Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent this Interrogatory attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court.   The Johnson & Johnson Defendants further objects to this Interrogatory because the Interrogatory, as phrased, seeks information that is in the public domain and therefore are

equally available to Plaintiffs. The Johnson & Johnson Defendants further object to this Interrogatory on the grounds that it is premature and purports to shift the burden of establishing the elements of Plaintiffs' lawsuit from Plaintiffs to the Johnson & Johnson Defendants.

## PRELIMINARY STATEMENT AND GENERAL
## OBJECTIONS TO PLAINTIFFS' EXPERT INTERROGATORIES

1.      The information contained in these answers is provided pursuant to the applicable rules regarding discovery.  These answers are made without waiving or intending to waive: (i) any objections as to the competence, relevance, materiality, privilege, or admissibility as evidence, for any purpose, information or documents produced in response to these Interrogatories; (ii) the right to object on any ground to the use of the documents or information produced in response to these Interrogatories at any hearings or at trial; (iii) the right to object on any ground at any time for further answers to the Interrogatories; or (iv) the right at any time to revise, correct, supplement, or clarify any of the answers contained herein.

2.      The Johnson & Johnson Defendants have not completed its investigation and discovery relating to this matter.  Given the substantial fact investigation required and the extensive volume of documents and electronic data that must be reviewed, answers are provided herein without prejudice to the Johnson & Johnson Defendants' right to amend or to supplement. The specific answers set forth below and any production made pursuant to the answers are based upon, and necessarily limited by, information now reasonably available to the Johnson & Johnson Defendants.

3.      The Johnson & Johnson Defendants further object to these Interrogatories to the extent they require the disclosure of confidential, proprietary, or trade-secret information.  The Johnson & Johnson Defendants will not produce any documents containing confidential information unless and until the Court has entered an appropriate Protective Order in this case.

4.      The Johnson & Johnson Defendants further object generally to these Interrogatories to the extent they seek information and/or materials that are protected by the attorney-client privilege, the consulting expert witness privilege, the attorney work-product doctrine, joint defense privilege, as trial preparation material, and/or any other applicable privilege or immunity from discovery.  To the extent that any such protected documents or information are inadvertently produced in response to these Interrogatories, the production of such documents or information shall not constitute a waiver of any right to assert the applicability of any privilege or immunity to the documents or information, and any such documents or information shall be returned to the Johnson & Johnson Defendants' counsel immediately upon discovery thereof.

5.      The Johnson & Johnson Defendants further object to these Interrogatories to the extent that they prematurely seek expert discovery other than as provided by the New Jersey Rules of Court and any other applicable case management order(s), scheduling order(s), or pretrial order(s).

6. The Johnson & Johnson Defendants hereby incorporates the foregoing Preliminary Statement and General Objections into each and every one of the following answers. The objections asserted in the Preliminary Statement and General Objections may be restated in individual answers for emphasis, but such restatement does not negate the incorporation of these objections to each of the following answers.

## EXPERT INTERROGATORIES AND
## DEMAND FOR PRODUCTION OF DOCUMENTS

1. With respect to any expert witness you expect to call at trial, please:

(a) Give a complete statement of all opinions to be expressed and the basis and reasons therefor; Please consider this a formal demand for a written report in this case pursuant to N.J. Court Rule 4:17-4.

(b) Identify the data or other information considered by the witness in forming the opinions;

(c) Describe and produce any exhibits to be used as a summary of or support for the opinions;

(d) State the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years (please produce a current curriculum vitae if available);

(e) Describe the compensation to be paid for the study and testimony;

(f) Provide a listing (by jurisdiction, caption and case number if available) of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years, indication the side or party for whom the witness testified and the attorney representing such party;

(g) State the number of cases on which the witness has previously consulted with the counsel or firm retaining that expert in this case,

and identify the case if the testimony occurred within the last four years;

(h)     State the number of cases in which the witness has previously testified in deposition, hearing, or trial on behalf of a party represented by the counsel or firm retaining that expert in this case, and identify the case if the testimony occurred within the last four years;

(i)     Provide a listing of any medical, professional or technical literature which the witness has read in connection with this case;

(j)     Provide a listing of the books in the witness's possession or control which relate to the subject matter of the witness' testimony;

(k)     Provide a listing of the professional journals to which the witness has subscribed during the past four years.

(l)     State whether the expert knows the party or parties on whose behalf the expert is testifying, and describe any personal, professional or social relationship between the expert and such party.

ANSWER:     Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Expert Interrogatories. The Johnson & Johnson Defendants further object to this Interrogatory, and specifically to the terms "data" and "qualifications," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Interrogatory to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.  The Johnson & Johnson Defendants further object to this Interrogatory to the extent the Interrogatory prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future,

applicable Court Orders, including scheduling orders, to be entered by the Court. The Johnson & Johnson Defendants further object to this Interrogatory as overly broad and unduly burdensome to the extent this Interrogatory attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court. The Johnson & Johnson Defendants further objects to this Interrogatory because the Interrogatory, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will provide information regarding their experts at the appropriate time and in accordance with their obligations under the New Jersey Rules of Court.

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS
TO PLAINTIFFS' REQUESTS FOR PRODUCTION CONCERNING
DEFENDANT'S EXPERT WITNESS TO BE CALLED TO TESTIFY AT TRIAL**

1.      The information contained in these responses is provided pursuant to the applicable rules regarding discovery. These responses are made without waiving or intending to waive: (i) any objections as to the competence, relevance, materiality, privilege, or admissibility as evidence, for any purpose, information or documents produced in response to these Requests; (ii) the right to object on any ground to the use of the documents or information produced in response to these Requests at any hearings or at trial; (iii) the right to object on any ground at any time for further responses to the Requests; or (iv) the right at any time to revise, correct, supplement, or clarify any of the responses contained herein.

2.      The Johnson & Johnson Defendants have not completed its investigation and discovery relating to this matter. Given the substantial fact investigation required and the extensive volume of documents and electronic data that must be reviewed, responses are provided herein without prejudice to the Johnson & Johnson Defendants' right to amend or to supplement. The specific responses set forth below and any production made pursuant to the responses are based upon, and necessarily limited by, information now reasonably available to the Johnson & Johnson Defendants.

3.      The Johnson & Johnson Defendants further object to these Requests to the extent they require the disclosure of confidential, proprietary, or trade-secret information. The Johnson & Johnson Defendants will not produce any documents containing confidential information unless and until the Court has entered an appropriate Protective Order in this case.

4.      The Johnson & Johnson Defendants further object generally to the Requests to the extent they seek information and/or materials that are protected by the attorney-client privilege, the consulting expert witness privilege, the attorney work-product doctrine, joint defense privilege, as trial preparation material, and/or any other applicable privilege or immunity from discovery. To the extent that any such protected documents or information are inadvertently

produced in response to these Requests, the production of such documents or information shall not constitute a waiver of any right to assert the applicability of any privilege or immunity to the documents or information, and any such documents or information shall be returned to the Johnson & Johnson Defendants' counsel immediately upon discovery thereof.

5.    The Johnson & Johnson Defendants further object to these Requests to the extent that they prematurely seek expert discovery other than as provided by the New Jersey Rules of Court and any other applicable case management order(s), scheduling order(s), or pretrial order(s).

6.    The Johnson & Johnson Defendants hereby incorporates the foregoing Preliminary Statement and General Objections into each and every one of the following responses.  The objections asserted in the Preliminary Statement and General Objections may be restated in individual responses for emphasis, but such restatement does not negate the incorporation of these objections to each of the following responses.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS CONCERNING DEFENDANT'S EXPERT WITNESS TO BE CALLED TO TESTIFY AT TRIAL

REQUEST NO. 1:    All documents provided to any expert witness whom you expect to call at trial, including records, reports, literature, memoranda or any other documents prepared by you or your attorney.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production of Documents Concerning Defendant's Expert Witness to Be Called to Testify at Trial.  The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "expect" and "any other documents," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.  The Johnson & Johnson Defendants further object to this Request to the extent the Request prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court.  The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome to the extent this Request attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court.

REQUEST NO. 2:    All records of attendance at continuing medical education courses for any expert witness for the previous five years.

<u>RESPONSE:</u>   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production of Documents Concerning Defendant's Expert Witness to Be Called to Testify at Trial.  The Johnson & Johnson Defendants further object to this Request, and specifically to the term "records of attendance," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Request to the extent the Request prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court.  The Johnson & Johnson Defendants further object to this Request because it seeks documents, writings, or records that are not in the Johnson & Johnson Defendants' possession, custody, or control.

<u>REQUEST NO. 3:</u>     The most recent curriculum vitae of each expert witness.

<u>RESPONSE:</u>   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production of Documents Concerning Defendant's Expert Witness to Be Called to Testify at Trial. The Johnson & Johnson Defendants further object to this Request to the extent the Request prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court.  The Johnson & Johnson Defendants further object to this Request because it seeks documents, writings, or records that are not in the Johnson & Johnson Defendants' possession, custody, or control.

<u>REQUEST NO. 4:</u>    Any literature file maintained by defendant expert witness, including articles, treaties, pamphlets and the like concerning any subjects related to this litigation.

<u>RESPONSE:</u>   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production of Documents Concerning Defendant's Expert Witness to Be Called to Testify at Trial.  The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "literature file," "the like," and "subjects related to this litigation," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable

privileges. The Johnson & Johnson Defendants further object to this Request to the extent the Request prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome to the extent this Request attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court. The Johnson & Johnson Defendants further object to this Request because it seeks documents, writings, or records that are not in the Johnson & Johnson Defendants' possession, custody, or control.

REQUEST NO. 5: Any articles, treatises, books, speeches or other writings, whether published or unpublished, that defendant's expert has written or delivered on the topic related to your expert opinion in this case.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production of Documents Concerning Defendant's Expert Witness to Be Called to Testify at Trial. The Johnson & Johnson Defendants further object to this Request, and specifically to the term "other writings," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request to the extent the Request prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court. The Johnson & Johnson Defendants further object to this Request because it seeks documents, writings, or records that are not in the Johnson & Johnson Defendants' possession, custody, or control. The Johnson & Johnson Defendants further objects to this Request because the Request, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs.

REQUEST NO. 6: Transcripts of any testimony defendant's expert has given in any case as an expert witness on any topic.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production of Documents Concerning Defendant's Expert Witness to Be Called to Testify at Trial. The Johnson & Johnson Defendants further object to this Request to the extent the Request prematurely seeks expert discovery other

than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit or injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all transcripts . . . on any topic" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further objects to this Request because the Request, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs.

REQUEST NO. 7:     All transcripts of testimony, whether by deposition or in court, given by defendant's expert in any case in which you were a defendant concerning any issues relevant to this case.

RESPONSE:     Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production of Documents Concerning Defendant's Expert Witness to Be Called to Testify at Trial. The Johnson & Johnson Defendants further object to this Request, and specifically to the term "concerning any issues relevant," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request to the extent the Request prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all transcripts" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further objects to this Request because the Request, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs.

REQUEST NO. 8: All medical literature, articles, treatises, pamphlets, videotapes, educational materials of any kind, or instructions used or relied upon by you forming your opinions in this case.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production of Documents Concerning Defendant's Expert Witness to Be Called to Testify at Trial. The Johnson & Johnson Defendants further object to this Request, and specifically to the term "used," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges. The Johnson & Johnson Defendants further object to this Request to the extent the Request prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome to the extent this Request attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court. The Johnson & Johnson Defendants further objects to this Request because the Request, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs. The Johnson & Johnson Defendants further object to this Request because it seeks documents, writings, or records that are not in the Johnson & Johnson Defendants' possession, custody, or control.

REQUEST NO. 9: As to each expert witness whom you expect to call at trial:

   a.    All documents provided to such expert in connection with this case, including records, reports, literature, memoranda or any other documents.

   b.    Any records, reports, notes, memoranda, bills, correspondence, or any other documents prepared by any expert witness in connection with this case.

c.      Copies of any manuscripts, drafts, galleys, outlines, slides, and the like, concerning any oral or written presentations made by the expert on any subject relevant to this case which are not in the public domain;

d.      Transcripts of any deposition or trial testimony in the expert's possession or control on any subject relevant to this case.

e.      A current C.V. for each such expert.

f.      Any exhibits prepared by or with the assistance of the expert which are intended to illustrate aspects of the expert's testimony.

<u>RESPONSE:</u>    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production of Documents Concerning Defendant's Expert Witness to Be Called to Testify at Trial. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "expect to call," "any other documents," "galleys," and "and the like," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges. The Johnson & Johnson Defendants further object to this Request to the extent the Request prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome to the extent this Request attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court. The Johnson & Johnson Defendants further objects to this Request because the Request, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs. The Johnson & Johnson Defendants further object to this Request because it seeks documents, writings, or records that are not in the Johnson & Johnson Defendants' possession, custody, or control.

**PRELIMINARY STATEMENT AND GENERAL**
**<u>OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION</u>**

1.      The information contained in these responses is provided pursuant to the applicable rules regarding discovery.  These responses are made without waiving or intending to waive: (i) any objections as to the competence, relevance, materiality, privilege, or admissibility as evidence, for any purpose, information or documents produced in response to these Requests; (ii) the right to object on any ground to the use of the documents or information produced in response to these Requests at any hearings or at trial; (iii) the right to object on any ground at any time for further responses to the Requests; or (iv) the right at any time to revise, correct, supplement, or clarify any of the responses contained herein.

2.      The Johnson & Johnson Defendants object to the purported time frames covered by these Requests because they are overly broad, unduly burdensome, and unreasonable because they seek information and documents that, in substantial part, are not relevant to this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.

3.      The Johnson & Johnson Defendants have not completed its investigation and discovery relating to this matter.  Given the substantial fact investigation required and the extensive volume of documents and electronic data that must be reviewed, responses are provided herein without prejudice to the Johnson & Johnson Defendants' right to amend or to supplement.  The specific responses set forth below and any production made pursuant to the responses are based upon, and necessarily limited by, information now reasonably available to the Johnson & Johnson Defendants.

4.      The Johnson & Johnson Defendants further object to Plaintiffs' discovery Instructions and Definitions to these Requests on the grounds that they are oppressive and attempt to impose obligations on the Johnson & Johnson Defendants other than those imposed or authorized by the New Jersey Rules of Court and/or any applicable order of this Court.

5.      The Johnson & Johnson Defendants further object to these Requests to the extent they require the disclosure of confidential, proprietary, or trade-secret information.  The Johnson & Johnson Defendants will not produce any documents containing confidential information unless and until the Court has entered an appropriate Protective Order in this case.

6.      The Johnson & Johnson Defendants further object generally to the Requests to the extent they seek information and/or materials that are protected by the attorney-client privilege, the consulting expert witness privilege, the attorney work-product doctrine, joint defense privilege, as trial preparation material, and/or any other applicable privilege or immunity from discovery.  To the extent that any such protected documents or information are inadvertently produced in response to these Requests, the production of such documents or information shall not constitute a waiver of any right to assert the applicability of any privilege or immunity to the documents or information, and any such documents or information shall be returned to the Johnson & Johnson Defendants' counsel immediately upon discovery thereof.

7.      The Johnson & Johnson Defendants further object to these Requests to the extent they seek documents, writings, records, or publications that are in the public domain because such information is equally available to Plaintiffs.

8.     The Johnson & Johnson Defendants further object to these Requests on the grounds that they seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence, in part, to the extent that they seek information inconsistent with Plaintiffs' allegations of exposure to any products allegedly manufactured by the Johnson & Johnson Defendants or premises allegedly owned by the Johnson & Johnson Defendants.

9.     The Johnson & Johnson Defendants further object to these Requests to the extent that they prematurely seek expert discovery other than as provided by the New Jersey Rules of Court and any other applicable case management order(s), scheduling order(s), or pretrial order(s).

10.     The Johnson & Johnson Defendants further object to Plaintiffs' definition of the term "Document" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive to the extent Plaintiffs seek to impose obligations beyond those required by the New Jersey Rules of Court.

11.     The Johnson & Johnson Defendants object to these Requests on the grounds that they are premature and purport to shift the burden of establishing product identification from Plaintiffs to the Johnson & Johnson Defendants.

12.     The Johnson & Johnson Defendants object to these Requests as argumentative because they require the adoption of assumption, which is improper.

13.     The Johnson & Johnson Defendants object to these Requests, and specifically to the terms "asbestos" and "asbestos-containing product," as vague and ambiguous to the extent they fail to distinguish between raw asbestos, asbestos contained in different types of products or product components, and/or different types of asbestos fibers.   The Johnson & Johnson Defendants never mined raw asbestos or manufactured any asbestos-containing products.

14.     The Johnson & Johnson Defendants hereby incorporates the foregoing Preliminary Statement and General Objections into each and every one of the following responses.  The objections asserted in the Preliminary Statement and General Objections may be restated in individual responses for emphasis, but such restatement does not negate the incorporation of these objections to each of the following responses.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

### A. General Requests

REQUEST NO. 1:     All documents identified in your Answers to Interrogatories in this matter.

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.  Subject to and without waiving

the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce the relevant documents they utilized in answering the Interrogatories.

REQUEST NO. 2:     All documents consulted in preparation of your Answers to Interrogatories or from which information contained in your Answers to Interrogatories was collected.

RESPONSE:     Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.  The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "consulted" and "collected," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome to the extent it seeks all documents—regardless of relevance—that the Johnson & Johnson Defendants "consulted" in connection with this lawsuit.  The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.  Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce the relevant documents they utilized in answering the Interrogatories.

REQUEST NO. 3:     All documents that relate or pertain to Plaintiff or Plaintiff's decedent (as contextually correct), including, but not limited to, employment, tax and medical records.

RESPONSE:     Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.  The Johnson & Johnson Defendants further object to this Request, and specifically to the term "contextually correct," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Request to the extent it seeks documents that are not within the possession, custody, or control of the Johnson & Johnson Defendants.  The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.

REQUEST NO. 4:    All documents that pertain to any sales (or lack of sales) of to Plaintiff or Plaintiff's decedent (as contextually) or where Plaintiff or Plaintiff's decedent (as contextually correct) alleges.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.  The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "as contextually" and "contextually correct," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Request to the extent it seeks documents that are not within the possession, custody, or control of the Johnson & Johnson Defendants.  The Johnson & Johnson Defendants further object to this Request on the grounds that it purports to shift the burden of establishing product identification from Plaintiffs to the Johnson & Johnson Defendants.  The Johnson & Johnson Defendants further object to this Request because it seeks documents and/or information that is not relevant to the claims or defenses of this case and is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 5:    All documents that pertain to any of the following:

    a.    Plaintiff or Plaintiff's decedent (as contextually correct);

    b.    Any employer of Plaintiff or Plaintiff's decedent (as contextually correct);

    c.    Any family member or relative of the Plaintiff or Plaintiff's decedent (as contextually correct);

    d.    Any other person who you contend has or may have discoverable information pertaining to the facts and circumstances giving rise to this lawsuit;

    e.    All documents received by you;

        i.    Pursuant to any subpoenas served in this action;

ii.   Pursuant to any authorizations provided to you by the Plaintiff or

Plaintiff's decedent (as contextually correct).

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.   The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "contextually correct" and "discoverable information pertaining to," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Request to the extent it seeks documents that are not within the possession, custody, or control of the Johnson & Johnson Defendants.   The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.   The Johnson & Johnson Defendants further objects to this Request because the Request, as phrased, seeks information that is in the public domain or available from third parties and therefore are equally available to Plaintiffs.   The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit.

## B. Litigation Related Requests

REQUEST NO. 1:   All sworn, recorded or substantially verbatim statements of any person with information relevant to this matter.

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.   The Johnson & Johnson Defendants further object to this Request, and specifically to the term "substantially verbatim," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.   The Johnson & Johnson Defendants further objects to this Request because the Request, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs.

REQUEST NO. 2:   All transcripts of testimony or other sworn statements in your possession of any witness who you may call at trial of this matter.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit or to injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request, and specifically to the term "any witness you may call at trial," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges. The Johnson & Johnson Defendants further object to this Request to the extent the Request prematurely seeks expert discovery other than as provided by the New Jersey Rules of Court and/or any future, applicable Court Orders, including scheduling orders, to be entered by the Court. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all transcripts" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further objects to this Request because the Request, as phrased, seeks information that is in the public domain or available from third parties and therefore are equally available to Plaintiffs.

REQUEST NO. 3: All transcripts of testimony or other sworn statements of any employee, former employee, officer, director, agent, corporate designee or custodian of records of yours in any matter that pertains to asbestos.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "agent" and "pertains to asbestos," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit or to injuries

that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges. The Johnson & Johnson Defendants further objects to this Request because the Request, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs.

REQUEST NO. 4:     All documents that pertain to any testimony or submissions made by you or on your behalf to any governmental agency that pertains to asbestos.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "submissions," "governmental agency," and "pertains to asbestos," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit or to injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further objects to this Request because the Request, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs.

REQUEST NO. 5:     All Affidavits submitted by you in support of any Motions for Summary Judgment in any lawsuit.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson

Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit or to injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all affidavits" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further objects to this Request because the Request, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs.

REQUEST NO. 6: All documents that pertain to or that evidence any verdicts rendered against you in lawsuits alleging claims for personal injury relating to alleged use of or exposure to talcum powder or talcum powder containing products manufactured or sold by you.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "exposure to" and "talcum powder containing products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because it is not limited in time, scope, to the products at issue in this lawsuit, or to the injuries alleged in this lawsuit. To the extent the Request seeks information regarding products that are not at issue in this lawsuit or to injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object that the Request seeks information that is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further objects to this Request because the Request, as phrased, seeks information that is in the public domain and therefore are equally available to Plaintiffs.

REQUEST NO. 7: All documents that pertain to the creation of any document repository maintained by you or on your behalf that pertains to asbestos and/or asbestos containing products. This request includes, but is not limited to, all documents that pertain to:

    a.    The collection of the documents in the repository;

    b.    The organization of the documents in the repository;

    c.    Indexes of the documents in the repository;

    d.    The policies and procedures for maintaining the repository;

    e.    Whether the contents of the repository have ever been converted to electronic form; and

    f.    Any bills, invoices or agreements that reflect payment by you to any person or entity for maintaining the repository.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "pertains to," "asbestos containing products," and "Indexes," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products at issue in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants do not maintain a document repository relating to "asbestos and/or asbestos-containing products."

REQUEST NO. 8:    All the documents admitted into evidence in any trial alleging injury from your talcum powder. This request specifically includes evidence admitted at trial in any and all cases alleging the diagnosis of ovarian cancer due to use of your talcum powder.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.   The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the injuries alleged in this lawsuit.  To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or injuries that are not alleged in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence.  The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit.  The Johnson & Johnson Defendants further object to this Request to the extent the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiffs.

REQUEST NO. 9:    All documents that pertain to the creation of any document repository maintained by you or on your behalf that pertains to talcum powder and/or talc-containing products. This request includes, but is not limited to, all documents that pertain to:

g.    The collection of the documents in the repository;

h.    The organization of the documents in the repository;

i.    Indexes of the documents in the repository;

j.    The policies and procedures for maintaining the repository;

k.    Whether the contents of the repository have ever been converted to electronic form; and

l.    Any bills, invoices or agreements that reflect payment by you to any person or entity for maintaining the repository.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "pertains to," "talc-containing products," and "Indexes," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants do not maintain a document repository relating to "talcum powder or talc-containing products."

## C. General Asbestos Requests

REQUEST NO. 1: All documents that pertain to the use of asbestos-containing materials, including the talc used in talcum powder products manufactured or sold by you, but not limited to:

    a.    All documents that pertain to purchases of such asbestos-containing materials, including, but not limited to, invoices, purchase orders, shipping documents and contracts;

    b.    All documents that pertain to safety precautions observed by you when manufacturing or incorporating such asbestos-containing materials;

    c.    All documents that pertain to warnings or other information conveyed to you by any party regarding the potential hazards to your employees regarding handling, use, or incorporation of such asbestos-containing materials;

    d.    All documents that pertain to product formulations;

e. All manufacturing specifications, instructions or similar materials;

f. All pictures, movies, videotapes or other materials that depict the manufacture of such asbestos-containing products;

g. All patents, trademarks or applications therefore that pertain to any such asbestos-containing products.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "use," "asbestos-containing materials," "talcum powder products," "safety precautions," "warnings," "potential hazards," "product formulations," and "asbestos-containing products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or injuries not alleged in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 2: All documents that pertain to the manufacture or sale of talcum powder or talc-containing products by you requiring or specifying the use of talc including:

a. All documents that pertain to purchases of such talc-containing materials, including, but not limited to, invoices, purchase orders, shipping documents and contracts;

b. All documents that pertain to safety precautions observed by you when manufacturing or producing talc-containing materials;

47

c.     All documents that pertain to warnings or other information conveyed to you by any party regarding the potential hazards to your employees regarding handling, use, installation or repair of talc-containing materials;

d.     All documents that pertain to talcum powder product formulations;

e.     All manufacturing specifications, instructions or similar materials concerning the process for manufacturing the talcum powder products sold by you;

f.     All pictures, movies, videotapes or other materials that depict the use of talcum powder products sold by you;

g.     All patents, trademarks or applications therefore that pertain to any talcum powder products manufactured or sold by you.

RESPONSE:     Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "talc-containing products," "safety precautions," "warnings," "potential hazards," "talc-containing materials," "talcum powder product formulations," and "talcum powder products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or injuries not alleged in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce the relevant formulas and specifications that are in its possession.

REQUEST NO. 3:    All photographs, samples, exemplars or other physical specimens of any talcum powder products manufactured, distributed, or sold by you.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "exemplars" and "talcum powder products," as vague and ambiguous.    The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit.    The Johnson & Johnson Defendants further object to this Request because it seeks documents that are not relevant to the claims or defenses in this case, and it is not reasonably calculated to lead to the discovery of admissible evidence.    The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all photographs, samples, exemplars or other physical specimens" significantly outweighs the proposed discovery's likely benefit.    The Johnson & Johnson Defendants further object to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiffs.

REQUEST NO. 4:    All photographs, samples, exemplars, or physical specimens of any bottles, containers, boxes or other packaging materials in which talcum powder products were manufactured, distributed, or sold by you.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "exemplars" and "talcum powder products," as vague and ambiguous.    The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit.    The Johnson & Johnson Defendants further object to this Request because it seeks documents that are not relevant to the claims or defenses in this case, and it is not reasonably calculated to lead to the discovery of admissible evidence.    The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all photographs, samples, exemplars or other

physical specimens" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiffs.

REQUEST NO. 5: All documents that pertain to the purchase of talc by you.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or during a timeframe that is not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 6: All documents or communications that pertain to information provided to you by others regarding the potential health risks of talc and/or talc-containing materials.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "potential health risks" and "talc-containing materials," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or injuries not alleged in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible

evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents or communications" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 7: All documents that pertain to any workmen's compensation claims made by your employees that asserted claims for health conditions caused by exposure to asbestos and/or talc.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "health conditions" and "exposure to asbestos and/or talc," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or injuries not alleged in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiffs. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. The Johnson & Johnson Defendants further object to this Request to the extent it seeks production of sensitive and private information, the disclosure of which could violate the privacy rights of persons who are not parties to this action, and would also violate statutory, regulatory, and common law, including the Health Insurance Portability and Accountability Act.

REQUEST NO. 8:    All documents that pertain to any workmen's compensation claims made by your employees that asserted claims for health conditions caused by exposure to talc.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "health conditions" and "exposure to talc," as vague and ambiguous.    The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the injuries alleged in this lawsuit.    To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or injuries not alleged in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence.    The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit.    The Johnson & Johnson Defendants further object to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiffs.    The Johnson & Johnson Defendants further object to this Request to the extent it seeks production of sensitive and private information, the disclosure of which could violate the privacy rights of persons who are not parties to this action, and would also violate statutory, regulatory, and common law, including the Health Insurance Portability and Accountability Act.

REQUEST NO. 9:    All safety inspections and/or evaluations, including, but not limited to industrial hygiene evaluations, performed by any person or entity that pertain to factories or other facilities owned or operated by you that contain information regarding exposure to asbestos or other airborne health hazards. This Request includes any inspections or evaluations performed by:

    a.    Your employees;

    b.    Your insurance companies;

    c.    Federal, state or local governmental agencies;

        d.        Any other person or party.

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.   The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "safety inspections and/or evaluations," "industrial hygiene evaluations," "exposure to asbestos," and "other airborne health hazards," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the injuries alleged in this lawsuit.   To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or injuries not alleged in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence.   The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all safety inspections and/or evaluations" significantly outweighs the proposed discovery's likely benefit.

REQUEST NO. 10:   All safety inspections and/or evaluations, including, but not limited to industrial hygiene evaluations, performed by any person or entity that pertain to factories or other facilities owned or operated by you that contain information regarding exposure to talc or other airborne health hazards. This Request includes any inspections or evaluations performed by:

        e.        Your employees;

        f.        Your insurance companies;

        g.        Federal, state or local governmental agencies;

        h.        Any other person or party.

RESPONSE:   Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.   The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "safety inspections and/or evaluations," "industrial hygiene evaluations," "exposure to talc," and "other airborne health

hazards," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or injuries not alleged in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all safety inspections and/or evaluations" significantly outweighs the proposed discovery's likely benefit.

REQUEST NO. 11:    All publications received by you that contain information that pertains to the potential health hazards of asbestos and/or asbestos-containing materials.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "potential health hazards" and "asbestos-containing materials," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or injuries not alleged in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all publications" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiffs.

REQUEST NO. 12:    All publications received by you that contain information that pertains to the potential health hazards of talc and/or talc-containing materials.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson

Defendants further object to this Request, and specifically to the terms "potential health hazards" and "talc-containing materials," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the injuries alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or injuries not alleged in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all publications" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore equally available to Plaintiffs. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 13: All documents that pertain to any decision you made to stop manufacturing, selling or distributing asbestos containing products.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "decision" and "asbestos containing products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are

not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants never manufactured, sold, or distributed asbestos-containing products, and therefore, they do not have any documents pertaining to any alleged decision to quit selling asbestos-containing products.

REQUEST NO. 14: All documents that pertain to any tests performed by you or on your behalf concerning the release or potential release of asbestos-containing dust by talc containing products manufactured, sold and/or distributed by you or on your behalf.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "tests," "release or potential release," "asbestos-containing dust," and "talc containing products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 15: All documents that pertain to any tests performed by you or on your behalf concerning the release or potential release of asbestos-containing dust by asbestos containing products manufactured, sold and/or distributed by you or on your behalf during use, handling, servicing and/or replacement.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "tests," "release or potential release," "asbestos-containing dust," "asbestos containing products," "use," "handling," "servicing," and "replacement," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 16: All documents that pertain to any tests performed by you or on your behalf concerning the release or potential release of asbestos-containing dust by talc containing products manufactured, sold and/or distributed by you or on your behalf during manufacturing of the product.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "tests," "release or potential release," "asbestos-containing dust," and "talc containing products," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson &

Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 17:    All documents that pertain to any tests performed by you or on your behalf to determine the amount of asbestos contained in the talc purchased by you from all suppliers of talc.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request, and specifically to the term "tests," as vague and ambiguous.    The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit.    To the extent this Request seeks documents regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence.    The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 18:    All documents that pertain to any analyses performed by you or on your behalf in order to determine the amount of asbestos in your talcum powder before it was sold to the public.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request, and specifically to the term "analyses," as vague and ambiguous.    The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit.    To the extent this Request seeks documents regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence.    The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 19:    All documents that pertain to your decision to have any tests performed by you or on your behalf in order to determine the amount of asbestos contained in the talc purchased by you from all suppliers of talc.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "decision" and "tests," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit.    To the extent this Request seeks documents regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this

Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 20: All documents that pertain to your decision to have any analyses performed by you or on your behalf in order to determine the amount of asbestos in your talcum powder before it was sold to the public.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "decision" and "analyses," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

## PRODUCT SUPPLY REQUESTS

REQUEST NO. 1:    Any and all invoices for the purchase of talc from this defendant's suppliers of talc during the time period plaintiff alleges exposure to this defendant's talcum powder.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.   The Johnson & Johnson Defendants further object to this Request, and specifically to the term "exposure," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited to in scope or to the products alleged in this lawsuit.   The Johnson & Johnson Defendants further object to this Request because it seeks documents that are not relevant to any claim or defense in this case, and it is not reasonably calculated to lead to the discovery of admissible evidence.   The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all invoices" significantly outweighs the proposed discovery's likely benefit.   The Johnson & Johnson Defendants further object to this Request to the extent it seeks documents that are not within the possession, custody, or control of the Johnson & Johnson Defendants.

REQUEST NO. 2:    Any and all invoices for the purchase of asbestos containing talc during the time period plaintiff alleges exposure to asbestos-containing talcum powder.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.   The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "asbestos containing talc," "exposure," and "asbestos-containing talcum powder," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit.   The Johnson & Johnson Defendants further object to this Request because it seeks documents that are not relevant to any claim or defense in this case, and it is not reasonably calculated to lead to the discovery of admissible evidence.   The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all invoices" significantly outweighs the proposed discovery's likely benefit.   The Johnson &

Johnson Defendants further object to Plaintiffs' characterization of Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants have never purchased asbestos-containing talc to use to manufacture any of the products at issue in this lawsuit.

REQUEST NO. 3: Catalogs, order forms, pamphlets, brochures or any other advertising material for talcum powder products purchased and/or sold between by this defendant during the time period plaintiff alleges exposure to asbestos-containing talcum powder.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "any other advertising material," "talcum powder products," "exposure," and "asbestos-containing talcum powder," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products at issue in this lawsuit, or to any "advertising material" viewed by Plaintiff. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or "advertising materials" not viewed by Plaintiff, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "Catalogs, order forms, pamphlets, brochures or any other advertising material" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiffs. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 4:    Work Orders, contracts, specifications, bid proposals and any other business agreements from this defendant's suppliers of talc, or for deliveries made to this defendant's facilities where this defendant manufactured talcum powder.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "other business agreements" and "manufactured talcum powder," as vague and ambiguous.    The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit.    To the extent this Request seeks documents regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence.    The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "Work Orders, contracts, specifications, bid proposals and any other business agreements" significantly outweighs the proposed discovery's likely benefit.    Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 5:    Any and all documents produced in response to any co-defendant's request for production of documents and/or request for admissions.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request to the extent it attempts to require the production of documents that are protected by a court-imposed protective order.    Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce copies of any documents it produced in response to any co-defendant's request for production of documents and/or request for admissions.

REQUEST NO. 6:    Any and all documents produced in any other litigation where plaintiff alleges he/she was exposed to asbestos as set forth in plaintiff's answers to interrogatories and plaintiff's depositions and subsequently developed mesothelioma.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the term "subsequently developed mesothelioma," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or documents relating to mines that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to this Request to the extent it attempts to require the production of documents that are protected by a court-imposed protective order.

REQUEST NO. 7: Any and all documents produced in any other litigation involving the defendant's facilities where this defendant manufactured talcum powder.

RESPONSE: Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the term "manufactured talcum powder," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to facilities visited by Plaintiff. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or document regarding facilities never visited by Plaintiff, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to this Request to the extent it attempts to require the production of documents that are protected by a court-imposed protective order.

REQUEST NO. 8:    Any other documents, not previously referenced that evidence the manufacture, sale, distribution, supply, use, contract and/or disposal of any talc-containing products manufactured by this defendant.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "use," "contract," "disposal," and "talc-containing products," as vague and ambiguous.    The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, or to the products alleged in this lawsuit.    To the extent this Request seeks documents regarding products that are not at issue in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence.    The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all documents" significantly outweighs the proposed discovery's likely benefit.

REQUEST NO. 9:    Any and all memos, tests, internal controls procedures or any other documents relating to the testing of any talc-containing products manufactured, sold, supplied, or used by this defendant.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "tests," "internal controls procedues," "talc-containing products," and "used," as vague and ambiguous.    The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the types of testing related to the claims or defenses in this case.    To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or testing records that are not related to the claims or defenses in this case, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence.    The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all memos, tests, internal controls procedures or any other

documents" significantly outweighs the proposed discovery's likely benefit. Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

REQUEST NO. 10:    Any and all reports, documents, memos, and/or other submissions to any federal safety agency including but not limited to NIOSH and OSHA with regards to the manufacture, sale, and/or use of asbestos containing products by this defendant.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production. The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "submissions," "federal safety agency," "asbestos containing products," and "use," as vague and ambiguous. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the type of exposure alleged in this lawsuit. To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or the type of exposure alleged in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence. The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all reports, documents, memos, and/or other submissions" significantly outweighs the proposed discovery's likely benefit. The Johnson & Johnson Defendants further object to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiffs. The Johnson & Johnson Defendants further object to Plaintiffs' characterization of Johnson & Johnson Defendants' products as an asbestos-containing product on the grounds that such an assertion is argumentative, assumes facts that are not in evidence, and factually incorrect.

REQUEST NO. 11:    Any and all reports, documents, memos, and/or other submissions to any federal safety agency including but not limited to NIOSH and OSHA with regards to the manufacture, sale, and/or use of talc-containing products by this defendant.

RESPONSE:  Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.  The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "submissions," "federal safety agency," "talc-containing products," and "use," as vague and ambiguous.  The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome because the Request is not limited in time, scope, to the products alleged in this lawsuit, or to the exposures alleged in this lawsuit.  To the extent this Request seeks documents regarding products that are not at issue in this lawsuit or to the exposures alleged in this lawsuit, the Johnson & Johnson Defendants further object to this Request it is not reasonably calculated to lead to the discovery of admissible evidence.  The Johnson & Johnson Defendants further object to this Request because the burden and expense of responding to a request for "all reports, documents, memos, and/or other submissions" significantly outweighs the proposed discovery's likely benefit.  The Johnson & Johnson Defendants further object to this Request because the Request, as phrased, seeks documents, writings, records, or publications that are in the public domain and therefore are equally available to Plaintiffs.  Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants respond as follows: The Johnson & Johnson Defendants will produce relevant, non-privileged documents, if any, in its possession.

## RELIANCE MATERIALS

REQUEST NO. 1:     Any and all copies of defendants' exhibits that will be relied on at the time of trial.

RESPONSE:  Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.  The Johnson & Johnson Defendants further object to this Request, and specifically to the term "relied on," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome to the extent this Request attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court.  Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants responds as follows: The Johnson & Johnson Defendants will provide information regarding exhibits as required by the Court's scheduling order and the New Jersey Rules of Court.

REQUEST NO. 2:    Any writings, records or papers forming a part of any proof you intend to offer at the trial of this action in support of any defense or counterclaim, you assert in this action.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.    The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome to the extent this Request attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court.    Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants responds as follows: The Johnson & Johnson Defendants will provide information regarding exhibits as required by the Court's scheduling order and the New Jersey Rules of Court.

REQUEST NO. 3:    All documents you rely upon to support any defense to the allegations set forth in the plaintiff's complaint.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request, and specifically to the term "rely upon," as vague and ambiguous.    The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.    The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome to the extent this Request attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court.    Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants responds as follows: The Johnson & Johnson Defendants will provide information regarding exhibits as required by the Court's scheduling order and the New Jersey Rules of Court.

REQUEST NO. 4:    All documents that you intend to rely upon in support of any cross claim or third-party claim in the case.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request, and specifically to the term "rely upon," as vague and ambiguous.    The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.    The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome to the extent this Request attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court.    Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants responds as follows: The Johnson & Johnson Defendants will provide information regarding exhibits as required by the Court's scheduling order and the New Jersey Rules of Court.

REQUEST NO. 5:    All documents that you will rely upon to support any allegation that any entity other than you is responsible for the plaintiff's injuries.

RESPONSE:    Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.    The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "rely upon" and "responsible," as vague and ambiguous.    The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges.    The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome to the extent this Request attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court.    Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants responds as follows: The Johnson & Johnson Defendants will provide information regarding exhibits as required by the Court's scheduling order and the New Jersey Rules of Court.

REQUEST NO. 6:     All documents you rely upon for the proposition that plaintiff's injuries were the result of asbestos exposure from products not manufactured, sold or installed by you.

RESPONSE:     Please see the Johnson & Johnson Defendants' Preliminary Statement and General Objections to Plaintiffs' Requests for Production.   The Johnson & Johnson Defendants further object to this Request, and specifically to the terms "rely upon," "the result of," and "asbestos exposure," as vague and ambiguous.   The Johnson & Johnson Defendants further object to this Request to the extent it seeks the disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or other applicable privileges. The Johnson & Johnson Defendants further object to this Request as overly broad and unduly burdensome to the extent this Request attempts to impose obligations upon the Johnson & Johnson Defendants beyond those required by the New Jersey Rules of Court.   Subject to and without waiving the foregoing objections, the Johnson & Johnson Defendants responds as follows: The Johnson & Johnson Defendants will provide information regarding exhibits as required by the Court's scheduling order and the New Jersey Rules of Court.